**MC OUTDOOR, LLC, Appellant**

**v.**

**BOARD OF COMMISSIONERS OF ABINGTON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 14, 2013.

Decided Oct. 30, 2013.

Gregg I. Adelman, Blue Bell, for appellant.

Kelly S. Sullivan, Media, for appellee Board of Commissioners of Abington Township.

Bruce J. Eckel, Glenside, for appellee Abington Township Zoning Hearing Board.

BEFORE: LEADBETTER, Judge, BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEADBETTER.

MC Outdoor, LLC (MC) appeals from an order of the Court of Common Pleas of Montgomery County that sustained the preliminary objections of the Abington Township Board of Commissioners (Commissioners), raising, *inter alia,* the pendency of a prior action and MC's failure to exhaust an available statutory remedy, and dismissed MC's complaint. In its action against the Commissioners, MC sought a declaration that the provisions of the Abington Township Zoning Ordinance (Ordinance) prohibiting off-site or off-premise advertising signs were de jure exclusionary and invalid and, therefore, that off-site advertising signs proposed in its substantive validity challenge filed with the Township Zoning Hearing Board (ZHB) were approved. MC also sought an order directing the Township to issue permits for the off-site advertising signs proposed before the ZHB. MC argues that the trial court improperly dismissed the complaint based on the pendency of the substantive validity challenge proceeding before the ZHB and its failure to exhaust a remedy available in that proceeding. MC claims that the validity challenge before the ZHB was rendered moot by the Commissioners' subsequent adoption of a resolution declaring the challenged provisions invalid. We reject MC's argument and affirm the trial court's order.

MC is in the business of developing, operating and leasing outdoor advertising structures, such as billboard signs. In June through August 2010, MC entered into agreements with the owners of five properties along York Road and Huntingdon Pike in the Township, in which the property owners agreed to lease off-site or off-premise billboard signs to be erected on their properties to MC.

On November 5, 2010, MC filed with the ZHB a substantive validity challenge to the following provisions of the Ordinance regulating advertising signs:

**Section 1005. General Sign Regulations.**

. . . .

C.   Location of Sign.

. . . .

5.   All signs, except directional and permitted off-site temporary signs, shall only be erected on the premises to which the use relates, and no sign erected or maintained on any property shall advertise anything other than that which is offered for sale or service on said property.

. . . .

### Section 1007.   Prohibited Signs.

A.   The following signs are exclusively prohibited from being erected or displayed:

. . . .

14.   Any off-premise sign except governmental signs, directory signs for service organizations and churches, temporary signs displayed for a period not to exceed two (2) weeks, signs approved by the municipality, or as otherwise may be permitted herein.

15.   Any sign now or hereafter existing which no longer advertises a bonafide business conducted on the property on which said sign is erected must be removed within fourteen (14) days following the close of business, or in such case thereafter, upon written notification from the Code Official.

. . . .

### Sections 1008.2.B.   Commercial Zoning Districts.

. . . .

2.   Special Commercial and Planned Business Districts.

a.

. . . .

(2) Signs can only be placed on the lot premises which they serve.

MC alleged that these provisions constituted an invalid de jure exclusion of off-site advertising signs and that MC should be permitted to develop off-site billboard signs as proposed in plans and drawings submitted to the ZHB with the validity challenge.   MC subsequently agreed in writing to waive the time period in Section 908(1.2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(1.2), within which the ZHB was required to hold a first hearing, and to postpone a first hearing indefinitely to discuss a possible settlement.[1]

Subsequently on January 13, 2011, the Commissioners adopted Resolution No. 11–002, declaring Sections 1005.C.5, 1007.-A.14 and 15, and 1008.2.B.2.a(2) of the Ordinance challenged by MC before the ZHB, as well as Section 1008.2.B.1.a(2) prohibiting off-site advertising signs in town commercial and mixed use districts, invalid.   The Commissioners stated that a de jure exclusion of off-site advertising signs had been held invalid in Pennsylvania;   defending MC's validity challenge would be "prohibitively costly";   the outcome of the challenge was "uncertain";   it was in the Township's best interest to declare those provisions invalid;   and, the Commissioners had adopted a motion to declare those provisions invalid at a special meeting held on December 20, 2010.   Resolution No. 11–002 at 9, 11 and 12;   Reproduced Record (R.R.) at 69a, 71a and 72a. The Commissioners directed the Township staff to prepare a proposed curative amendment by June 17, 2011.   MC and the Township thereafter negotiated possible relocations and modifications of the proposed billboard signs to settle MC's substantive validity challenge.   At a public presentation on March 21, 2011, MC proposed to erect modified billboard signs at alternative locations.

---

1.   A zoning hearing board must hold a first hearing within 60 days from the date of receipt of an application and each subsequent hearing within 45 days of a prior hearing. Section 908(1.2) of the MPC.

On April 14, 2011, the Commissioners adopted Resolution No. 11–014 rescinding Resolution No. 11–002. The Commissioners stated that the adoption of Resolution 11–002 was predicated on the costs of the defending MC's validity challenge before the ZHB and the uncertainty of its outcome; the Commissioners considered MC's alternative proposal to erect advertising signs with electronic-display faces at three locations; and, the adverse impacts of the proposed signs "outweigh[ed] the concerns of the uncertainty of litigating" the validity challenge. Resolution No. 11–014 at 1; R.R. at 82a. The Commissioners declared Resolution No. 11–002 null and void and reaffirmed the validity of the Ordinance.

On the same day, MC filed the instant action with the trial court, asserting that its substantive validity challenge before the ZHB was no longer in dispute because the Commissioners declared the challenged provisions of the Ordinance invalid in Resolution No. 11–002. In Count I, MC asked the trial court to declare that those provisions of the Ordinance constituted an invalid de jure exclusion of off-site advertising signs and that its validity challenge "has merit and is successful." Complaint, ¶ 21.B; R.R. at 9a. In Count II, MC sought a declaration that the billboard signs proposed before the ZHB were approved. In Count III, MC sought a writ of mandamus directing the Township to issue permits for the proposed billboard signs.

The Commissioners filed preliminary objections to MC's complaint. The Commissioners argued that Counts I and II (declaratory action) should be dismissed under Rule 1028(a)(6) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a)(6), because MC's substantive validity challenge was pending before the ZHB which had the exclusive jurisdiction over the challenge, and under Rule 1028(a)(7) because MC failed to exhaust an available statutory remedy. The Commissioners also demurred to Count III (mandamus action) under Rule 1028(a)(4). The trial court sustained the preliminary objections raising the pendency of a prior action and the failure to exhaust an available statutory remedy and dismissed the complaint without prejudice to pursue the substantive validity challenge pending before the ZHB. MC's appeal to this Court followed.[2]

■ MC argues that the trial court improperly dismissed the action on the basis of the failure to exhaust a statutory remedy available in the pending ZHB proceeding. MC maintains that its substantive validity challenge before the ZHB was rendered moot by the Commissioners' declaration of the invalidity of the Ordinance in Resolution No. 11–002. According to MC, no factual or legal issues remained for the ZHB's consideration after the Commissioners' invalidity declaration,[3] and forcing MC to continue the validity challenge before the ZHB would delay enforcement of its due process rights.[4]

---

**2.** The Commissioners filed a motion to quash the appeal as an appeal from an non-appealable interlocutory appeal. By order dated January 28, 2013, this Court denied the motion, stating that the order sustaining preliminary objections on the basis of a pending validity challenge before the ZHB was a final appealable order.

**3.** Under the mootness doctrine, an actual case or controversy must exist at all stages of the proceeding. *Pub. Defender's Office of Venan-*

*go Cnty. v. Venango Cnty. Court of Common Pleas,* 586 Pa. 317, 325, 893 A.2d 1275, 1279 (2006).

**4.** Citing Article X–A ("APPEALS TO COURT"), Section 1006–A(c) ("[j]udicial relief") of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006–A(c), MC also argues that the trial court should have granted site-specific relief in this action. Section 1006–A(c) provides:

■ A landowner challenging the validity of an ordinance on substantive grounds must submit the challenge (1) to the zoning hearing board or (2) to the governing body "together with a request for a curative amendment." Section 916.1(a)(1) and (2) of the MPC, added by Section 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1(a)(1) and (2). The zoning hearing board has exclusive jurisdiction to hear and render final adjudications on substantive validity challenges, "except those brought before the governing body." Section 909.1(a)(1) of the MPC, added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a)(1). If the zoning hearing board hears a substantive validity challenge and finds it to have merit, the zoning hearing board's decision must "include recommended amendments to the challenged ordinance which will cure the defects found." Section 916.1(c)(5) of the MPC.[5]

■ In this matter, MC submitted the validity challenge to the ZHB and did not seek a curative amendment before the Commissioners. The ZHB, therefore, had exclusive jurisdiction to hear and decide MC's validity challenge. Section 909.1(a)(1) of the MPC. MC agreed to postpone the ZHB's first hearing indefinitely and never withdrew the validity challenge. Therefore, MC's validity challenge was pending before the ZHB when MC filed the instant action.

Two months after MC filed the substantive validity challenge with the ZHB, the Commissioners commenced a curative amendment proceeding pursuant to Section 609.2 of the MPC, added by Section 2 of the Act of October 5, 1978, P.L. 1067, 53 P.S. § 10609.2, which provides in relevant part:

If a municipality determines that its zoning ordinance or any portion thereof is substantially invalid, it shall take the following actions:

(1) A municipality shall declare by formal action, its zoning ordinance or portions thereof substantially invalid and propose to prepare a curative amendment to overcome such invalidity. Within 30 days following such declaration and proposal the governing body of the municipality shall:

(i) By resolution make specific findings setting forth the declared invalidity of the zoning ordinance which may include:

(A) references to specific uses which are either not permitted or not permitted in sufficient quantity;

(B) reference to a class of use or uses which require revision; or

---

If the court finds that an ordinance or map, or a decision or order thereunder, *which has been brought up for* review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question *on the appeal,* it may order the described development or use approved.... [Emphasis added.]

By its express terms, Section 1006–A(c) applies to a land use appeal, not to an action seeking declaratory and mandamus relief. The trial court, therefore, could not have approved the billboard signs proposed before

the ZHB, even if the court ultimately ruled in favor of MC in this action.

5. The substantive validity challenge to a zoning ordinance regulating advertising signs requires a two-step analysis: (1) whether the challenging party overcame the presumption of the validity of the ordinance by demonstrating that the ordinance excludes a use of property for erecting advertising signs; and (2) if so, whether the municipality salvaged the ordinance by establishing that the exclusion bears a substantial relationship to the public health, safety, morality or welfare. *Twp. of Exeter v. Zoning Hearing Bd. of Exeter Twp.,* 599 Pa. 568, 582, 962 A.2d 653, 661 (2009).

(C) reference to the entire ordinance which requires revisions.

(ii) Begin to prepare and consider a curative amendment to the zoning ordinance to correct the declared invalidity.

(2) *Within 180 days from the date of the declaration and proposal,* the municipality shall enact a curative amendment to validate, *or reaffirm the validity of,* its zoning ordinance pursuant to the provisions required by section 609 [53 P.S. § 10609, "[e]nactment of zoning ordinance amendments"] in order to cure the declared invalidity of the zoning ordinance. [Emphasis added.]

As required by Section 609.2(1), the Commissioners took "formal action" at the special meeting on December 20, 2010 by adopting a motion to declare the provisions regulating off-site advertising signs invalid and to propose to prepare a curative amendment. The Commissioners then adopted a "resolution," Resolution No. 11–002, within 30 days in compliance with Section 609.2(1)(i), setting forth specific findings regarding the declared invalidity of the Ordinance and directing the Township staff to prepare a curative amendment by June 17, 2011. Under Section 609.2(2), the Commissioners thereafter had 180 days either to enact a curative amendment to cure the invalidity of the Ordinance or to reaffirm its validity. Well within the 180–day period, the Commissioners reaffirmed the validity of the Ordinance in Resolution No. 11–014.

■ A curative amendment proceeding commenced by a municipality subsequent to the filing of the substantive validity challenge with the zoning hearing board is "a separate proceeding." *Appeal of Marple Gardens, Inc.,* 99 Pa.Cmwlth. 485, 514 A.2d 216, 221 (1986). Thus, the municipality's invalidity declaration pending the zoning hearing board's proceeding does "not ... establish invalidity as a matter of law." *Id.* In *C & M Developers, Inc. v.*

*Bedminster Township Zoning Hearing Board,* 573 Pa. 2, 820 A.2d 143 (2002), the appellant filed a substantive validity challenge to the amended zoning ordinance with the zoning hearing board. While the validity challenge was pending before the zoning hearing board, the township board of supervisors adopted a resolution pursuant to Section 609.2 of the MPC, questioning the validity of the zoning ordinance. In his appeal from the zoning hearing board's denial of the validity challenge, the appellant relied on the supervisors' resolution to argue that the zoning ordinance was invalid. In rejecting the argument, our Supreme Court stated:

[W]e find that the ZHB should have given some evidentiary weight to the [supervisors'] adoption of Resolution 99–07 pursuant to its authority in Section 609.2, and to that end, should have looked at a record of the [supervisors'] proceedings regarding its passage of Resolution 99–07. However, *the [supervisors'] adoption of Resolution 99–07 after the commencement of the proceedings before the ZHB did not establish the Ordinance was invalid as a matter of law.* ... [Emphasis added.]

*Id.* at 27 n. 28, 820 A.2d at 159 n. 28. *Accord In re Petition of Dolington Land Grp.,* 576 Pa. 519, 525 n. 7, 839 A.2d 1021, 1025 n. 7 (2003). Hence, the Commissioners' invalidity declaration in Resolution 11–002 did not render the substantive validity challenge pending before the ZHB moot. Moreover, the Commissioners subsequently rescinded Resolution No. 11–002 and reaffirmed the validity of the Ordinance in Resolution No. 11–014.

MC argues that under Section 609.2(2) of the MPC, the Commissioners were required to reaffirm the validity of the Ordinance by a curative amendment, not by a resolution. MC cites *Middletown Township v. County of Delaware Uniform Con-*

*struction Code Board of Appeal,* 42 A.3d 1196, 1201 n. 8 (Pa.Cmwlth.2012), for the proposition that a resolution does not have the effect of a law or an ordinance.

■ Section 609.2(2) requires a municipality to "enact a curative amendment to validate, *or reaffirm the validity of* its zoning ordinance pursuant to the provisions required by section 609 in order to cure the declared invalidity of the zoning ordinance." (Emphasis added.) The language in Section 609.2(2) is ambiguous and confusing. Under MC's interpretation, however, Section 609.2(2) would read that the municipality "shall enact a curative amendment to ... reaffirm the validity of, its zoning ordinance ... in order to cure the declared invalidity of the zoning ordinance," which is illogical and does not make any sense. It is presumed that the legislature did not intend a result that is absurd or unreasonable. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1); *Caba v. Weaknecht,* 64 A.3d 39, 47 (Pa.Cmwlth.2013). It is also axiomatic that all sections of a statute must be construed together in conjunction with each other and with reference to the entire statute. *Consulting Eng'rs Council of Pa. v. State Architects Licensure Bd.,* 522 Pa. 204, 208, 560 A.2d 1375, 1377 (1989). MC does not dispute that the Commissioners' declaration of the invalidity by a resolution was proper under Section 609.2(1)(i). When Section 609.2(2) is read in its entirety and in conjunction with Section 609.2(1) and is construed to avoid an absurd result, it is clear that the legislature intended to require an adoption of a curative amendment only "to cure the declared invalidity of the zoning ordinance," not to reaffirm the validity, i.e., the phrase "pursuant to the provisions required by section 609 in order to cure the declared invalidity of the zoning ordinance" only modifies the phrase "the municipality shall enact a curative amendment to validate," not the phrase "or reaffirm the validity of."

■ Under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, a declaratory judgment may be granted to afford relief from uncertainty and insecurity regarding legal rights, status and other relations. *Faldowski v. Eighty Four Mining Co.,* 725 A.2d 843, 844–45 (Pa.Cmwlth. 1998). Such relief, however, is not available with respect to any "[p]roceeding within the exclusive jurisdiction of a tribunal other than a court" or "[p]roceeding involving an appeal from an order of a tribunal." Section 7541(c)(2) and (3) of the Declaratory Judgments Act, *as amended,* 42 Pa.C.S. § 7541(c)(2) and (3). Because the substantive validity challenge was pending before the ZHB which had exclusive jurisdiction over the challenge, relief sought by MC in Count I and II of the complaint was not available under the Declaratory Judgments Act.

■■ In dismissing the complaint, the trial court did not rule on the preliminary objections to Count III in the nature of a demurrer. Section 910.1 of the MPC, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.1, provides that "[n]othing contained in this article [Article IX, zoning hearing board and other administrative proceedings] shall be construed to deny the appellant the right to proceed directly to court *where appropriate,* pursuant to the Pennsylvania Rules of Civil Procedure No. 1091 (relating to action in mandamus)." (Emphasis added.) A mandamus action is an action at law seeking an extraordinary remedy of compelling an official's performance of a ministerial duty. *Cnty. of Dauphin v. City of Harrisburg,* 24 A.3d 1083, 1092 n. 12 (Pa. Cmwlth.2011). The purpose of mandamus is not to establish legal rights, but to enforce the rights already established beyond peradventure. *McGill v. Pa. Dep't of Health, Office of Drug & Alcohol Programs,* 758 A.2d 268, 270 (Pa.Cmwlth.

2000). A writ of mandamus is inappropriate where, as here, "invalidity of the ordinance itself must be established before a landowner's right to a permit becomes clear." *Lindy Homes, Inc. v. Sabatini*, 499 Pa. 478, 482, 453 A.2d 972, 973–74 (1982). Accordingly, MC failed to state a valid cause of action in mandamus in Count III.

Because the trial court did not err in sustaining the Commissioners' preliminary objections and dismissing MC's complaint, the court's order is affirmed.

### ORDER

AND NOW, this 30th day of October 2013, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is AFFIRMED.