# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County Outdoor, LLC,       :
                 Appellant   :
                             :
          v.              :   No. 29 C.D. 2015
                             :   Submitted: May 15, 2015
Board of Supervisors of       :
East Pikeland Township      :

BEFORE:  HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION BY JUDGE BROBSON        FILED: September 4, 2015

Appellant Chester County Outdoor, LLC (CCO) appeals from an order of the Court of Common Pleas of Chester County (trial court), dated December 16, 2014. The trial court granted CCO's exceptions to the report of the special hearing officer to the extent the exceptions challenged the procedure used by the trial court. For the reasons discussed below, we affirm.

CCO engages in the business of developing, owning, operating, and leasing commercial off-premises advertising billboards. CCO is the billboard lessee of property located at 458 Schuylkill Road (Property), in East Pikeland Township. On December 20, 2011, CCO filed a challenge to the substantive validity of the East Pikeland Township Zoning Ordinance (Ordinance) with the Zoning Hearing Board of East Pikeland Township (ZHB). Specifically, CCO alleged that Sections 1902.13 and 1904.1 of the Ordinance unlawfully excluded

billboards. CCO did not request site-specific relief from the ZHB or submit plans for a proposed billboard with the validity challenge.

On February 7, 2012, the Board of Supervisors of East Pikeland Township (the Township) adopted resolution No. 2012-03 declaring the challenged Sections of the Ordinance to be invalid. On March 28, 2012, the ZHB issued a decision and order sustaining the challenge. No party appealed the ZHB's decision. On July 26, 2012, the Township adopted a curative amendment to the Ordinance.

On July, 30, 2012, CCO filed the instant declaratory judgment action with the trial court, seeking (1) a declaration that CCO is entitled to site-specific relief to permit a billboard use on the Property, and (2) a hearing be held pursuant to Section 1006-A(d) of the Pennsylvania Municipal Planning Code (MPC)[1] to consider plans for the proposed billboards in determining CCO's right to site-specific relief. Concurrently, CCO filed a petition for a hearing to determine site-specific relief.

On August 20, 2012, the Township moved for the ZHB to be appointed special hearing master pursuant to Section 1006-A(c) of the MPC.[2] CCO objected, arguing that only the trial court could grant relief. The trial court granted the motion over CCO's objection and directed the ZHB to hold a hearing to determine CCO's entitlement to site-specific relief. On September 2, 2014, the ZHB issued its report, denying CCO site-specific relief. The ZHB found that the

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006-A(d).

[2] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006-A(c).

proposed billboards: (1) would present a threat to health, safety, and welfare; (2) do not comply with the extant provisions of the Ordinance; and (3) do not comply with other reasonable zoning regulations. CCO filed exceptions to the report.

Following argument, the trial court issued an order and opinion in which it granted CCO's exceptions to the special report to the extent the exceptions challenged the appointment of the ZHB as a special master under Section 1006-A(c) of the MPC for the purpose of considering site-specific relief. The trial court also declined to implement the report. The trial court explained:

> It is evident now that proceeding under Article X-A [of the MPC[3]] was in error inasmuch as no appeal was or is pending. To the contrary, when CCO commenced this action it was the successful challenger of a provision of the Ordinance. This action was brought as a declaratory judgment action, not a land use appeal. Therefore, Article X-A of the MPC is inapposite.

(Trial Ct. Op. at 4 (citing *MC Outdoor, LLC v. Bd. of Comm'rs of Abington Twp.*, 78 A.3d 1269, 1272-73 n.4 (Pa. Cmwlth. 2013) ("By its express terms, Section 1006-A(c) [of the MPC] applies to a land use appeal, not to an action seeking declaratory and mandamus relief."), *appeal denied*, 89 A.3d 1286 (Pa. 2014))). Citing an unreported panel decision of this Court, *Chester County Outdoor, LLC v. Board of Supervisors of Penn Township* (Pa. Cmwlth., No. 1599 C.D. 2013, filed July 31, 2014) (*Penn Township*), the trial court opined that CCO's request for site-specific relief did not belong before the trial court: "CCO's next step in our case, after prevailing on its challenge, should have been to submit plans

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11001-A to 11006-A§.

to the Township. . . . CCO has never applied for and been denied site-specific relief. Since no application has been denied, no relief is available under Section 1006-A of the MPC." (Trial Ct. Op. at 5-6.)[4]

On appeal[5] to this Court, CCO argues that, as the successful challenger to a zoning ordinance, it is entitled to site-specific relief that must be crafted by the trial court.[6] This Court recently addressed this question in *Penn Township*, a case very similar to this one. In that case, CCO leased property in Penn Township for the purpose of erecting a billboard and filed with the Penn Township Zoning Hearing Board a validity challenge to the zoning ordinance. Although CCO included a proposal and request for site-specific relief with the validity challenge, CCO subsequently withdrew its request and proposed plans. The Penn Township Zoning Hearing Board upheld the validity challenge.[7] CCO then filed a declaratory judgment action with the trial court, seeking a declaration

---

[4] The trial court's order is limited to granting CCO's exceptions "to the extent they challenge the procedure implemented under 53 P.S. [§] 11006-A(c)" and stating that "the Report of the Special Hearing Officer will not be implemented." (Trial Ct. Op. at 6.) CCO states several times in its brief that the trial court denied its declaratory judgment action, but a review of the trial court docket reveals that no further action was taken by the trial court prior to the filing of this appeal.

[5] Our standard of review in declaratory judgment actions is limited to whether the trial court abused its discretion or committed an error of law. *Pirillo v. Vanco*, 74 A.3d 366, 368 n.5 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

[6] CCO also argues that the Township failed to carry its burden to prove CCO was not entitled to site-specific relief. Because the first issue is dispositive, we need not address this argument.

[7] CCO appealed to the trial court, which concluded CCO did not have standing to appeal the decision of the zoning hearing board. CCO then appealed to this Court, and we affirmed the trial court, holding that CCO had obtained all the relief it sought in its validity challenge and, therefore, lacked standing to appeal because it was not an aggrieved party. *In re Chester Cnty. Outdoor, LLC*, 64 A.3d 1148, 1152 (Pa. Cmwlth. 2013).

that it was entitled to site specific relief and that only the trial court could grant the requested relief. CCO argued, as it does here, that because it was a successful challenger to a zoning ordinance, it was entitled to site-specific relief which only the trial court could grant. This Court, by adoption of the trial court's Pa. R.A.P. 1925(a) opinion, held that CCO was not entitled to site-specific relief from the trial court. Rather, it must instead file the appropriate applications with Penn Township. As the trial court explained:

> Plaintiff successfully challenged § 1800.G of the Penn Township zoning ordinance. Accordingly, that section of the zoning ordinance is no longer an impediment to plaintiff's use of 27 Commerce Boulevard in Penn Township. Nevertheless, plaintiff does not appear to have made application for any use of that property. In this case, plaintiff seeks a declaration that only the Court of Common Pleas can determine the form of relief to be awarded to a party who successfully challenges a provision of a zoning ordinance. We believe the plaintiff's position is clearly incorrect. In a zoning appeal in which an applicant has successfully challenged a provision of a zoning ordinance and in which appeal the applicant sought site specific relief, the court of common pleas is empowered to grant relief. But where, as here, an applicant sought relief from a zoning hearing board and obtained all the relief which it sought, the court no longer has jurisdiction to grant any relief. We know of no reason why—and plaintiff has pointed to no reason—plaintiff cannot now make application to Penn Township for a use of 27 Commerce Boulevard, unfettered by the previous § 1800.G of the zoning ordinance.
>
> And plaintiff has cited no authority for the proposition that only this court could grant relief. In fact, under the facts of this case, this court could not grant any relief. There has never been and there is not now pending before the court any proposed use of the site in question. Pursuant to Section 1006–A of the Municipalities Planning Code, 53 P.S. § 11006–A(c), and as logic dictates, in order for the court to order a proposed use

5

approved, in whole or in part, the proposed development or use must have "been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal." Ibid. We know of no case and plaintiff has not cited to us any case in which a court has ordered approved, in whole or in part, a use for a site for which no application was ever made to the relevant authority and for which the plans for such use have never been seen by anyone, including the court.

*Chester County Outdoor, LLC v. Bd. of Supervisors of Penn Twp*., (No. 13-05944, C.C.P. Chester County, filed October 10, 2013), slip op. at 4 (attached to *Penn Township*).

Here, CCO is in a virtually identical procedural posture: CCO successfully challenged a zoning ordinance without simultaneously requesting site-specific relief and then filed a declaratory judgment action for site-specific relief without ever submitting the proposed plans to the appropriate municipal authority. CCO offers no basis upon which to distinguish the instant case from *Penn Township*, but instead argues that we decided *Penn Township* incorrectly, again arguing that the municipality lacks the authority to grant site-specific relief under these factual circumstances. As we held in *Penn Township*, "not only do[es the trial court] not have exclusive jurisdiction [it] do[es] not have any jurisdiction at all to review plans or applications which have never been submitted to the appropriate authority for consideration." *Penn Township*, attached opinion of the trial court at 5. We find *Penn Township* persuasive and decline to re-examine the issue here. Because the instant case is indistinguishable from *Penn Township*, the

6

trial court did not err in directing CCO to submit its request for site-specific relief to the appropriate municipal authorities.[8]

For the reasons discussed above, the order of the trial court is hereby affirmed.

_____
P. KEVIN BROBSON, Judge

---

[8] To the extent CCO contends that it will not receive a fair hearing before the ZHB, we note that submitting a plan for the placement of a billboard on the Property to the ZHB for review and approval is merely the first step. If CCO is displeased with the ZHB's decision on the proposal, CCO could then appeal the matter to the trial court. *See* Section 1002-A of the MPC, 53 P.S. § 11002-A. On appeal, the trial court may elect to receive additional evidence and review the case de novo. *See* Section 1005-A of the MPC, 53 P.S. § 11005-A.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County Outdoor, LLC,  :
                          Appellant  :
                                   :
             v.                :   No. 29 C.D. 2015
                                   :
Board of Supervisors of  :
East Pikeland Township  :

# **O R D E R**

AND NOW, this 4th day of September, 2015, the order of the Court of Common Pleas of Chester County is hereby AFFIRMED.

<br>

                             _____
                             P. KEVIN BROBSON, Judge