# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of Chester County Outdoor,   :
LLC from the Decision of the East   :
Pikeland Township Zoning Hearing   :
Board Dated March 23, 2016   :   No. 1142 C.D. 2021
  :   Argued: November 15, 2022
Appeal of: East Pikeland Township   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
        HONORABLE LORI A. DUMAS, Judge
        HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                           FILED: June 6, 2023

East Pikeland Township (Township) appeals from the order of the Chester County Court of Common Pleas (trial court) in favor of Chester County Outdoor, LLC (Outdoor), following this Court's remand. Township primarily challenges the trial court's reasoning in permitting Outdoor to erect the billboard at issue. We affirm.

## I. BACKGROUND

Because we write for the parties, we presume they are familiar with the extensive litigation of this case, which began in 2011. *See generally Chester Cnty. Outdoor, LLC v. Bd. of Supervisors of E. Pikeland Twp.*, 123 A.3d 806, 807 (Pa. Cmwlth. 2015) (*Outdoor I*); *Appeal of Chester Cnty. Outdoor, LLC*, 167 A.3d 280, 282 (Pa. Cmwlth. 2017) (*Outdoor II*). Briefly, Outdoor is a billboard company and leases property in Township on Route 23, which is near the intersection of Route 724. Outdoor has been trying to build a billboard on the property since 2011.

Outdoor contended that Township's zoning ordinance (Ordinance) improperly excluded billboards. *Outdoor II*, 167 A.3d at 282. Township and

Township's Zoning Hearing Board (Board) agreed. *Id.* at 282-83 (noting that Outdoor "was the successful challenger" of the Ordinance). Nevertheless, Township denied Outdoor's request for site-specific relief. *Id.* at 284.[1] The trial court affirmed, and Outdoor appealed to the *Outdoor II* Court. *Id.*

The *Outdoor II* Court granted relief to Outdoor, reasoning that the trial court failed to comply with the appropriate legal framework for resolving whether Outdoor was entitled to site-specific relief. *Id.* at 289-91. The *Outdoor II* Court remanded to have the trial court "conduct a *de novo* review of the evidence presented before the" Board and, if necessary, hold additional evidentiary hearings. *Id.*

Following several evidentiary hearings, the trial court granted Outdoor site-specific relief. Very simply, the trial court rejected Outdoor's *original* proposed billboard but accepted Outdoor's *revised* proposed billboard as site-specific relief.[2] Township timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[3]

## II. ISSUES

Township raises three issues, which we have combined into two for

---

[1] An appellant that successfully challenges a zoning ordinance as unconstitutional is "permitted to develop their property as proposed, subject to certain reasonable restrictions, regardless of how that land is currently zoned." *Fernley v. Bd. of Supervisors of Schuylkill Twp.*, 502 A.2d 585, 589 (Pa. 1985). "[T]he governing body must permit the challenging landowner to develop his land as proposed in the 'plans and other materials' submitted with the challenge, provided, of course, that what is submitted is reasonable, and not injurious to the public health, safety, [and] welfare." *Id.* at 590 (citation omitted). In other words, "the successful challenger will still be required to abide by all of the reasonable building requirements, density restrictions, safety measures, sewage regulations, and water requirements, as well as all other reasonable zoning, building, subdivision and other regulations generally applicable to the class of use or construction proposed by the landowner." *Id.* (citation omitted).

[2] We discuss *Outdoor II* and the trial court's decisions in further detail below.

[3] The trial court's final order did not indicate that a motion for post-trial relief is required. *See* Pa.R.Civ.P. 227.1(i)(2). The *Outdoor II* Court also did not indicate that remand was for a "partial new trial." *See* Pa.R.Civ.P. 227.1(i)(1).

disposition. First, Township alleges that because Outdoor's *revised* proposed billboard did not comply with unchallenged, preexisting zoning restrictions, *i.e.*, "ground sign" provisions, the trial court erred by granting site-specific relief to Outdoor. Twp.'s Br. at 2. Relatedly, Township contends the trial court improperly required Township to prove "that the unchallenged provisions of the . . . Ordinance were not exclusionary." *Id.* at 2-3, 22. Second, Township argues that it proved that Outdoor's *revised* proposed billboard was contrary to the health, safety, and welfare of the public. *Id.* at 3.

### III. DISCUSSION[4]

### A. Whether Outdoor Was Entitled to Site-Specific Relief

Before summarizing Township's argument in support of its first issue, we discuss *Outdoor II* and the trial court's decisions. Township apparently misapprehended the trial court's decisions, which led to its puzzling argument, *infra*, that the trial court "held" that Outdoor's *revised* proposed billboard violated the Ordinance's "ground sign" provisions. Because the trial court's *actual* holding was more nuanced—it held that Outdoor's *original* proposed billboard violated the Ordinance's "ground sign" provisions, but those provisions were not material to regulating *billboards*—Township's argument rests on a false premise.

### 1. *Outdoor II* and the Trial Court's July 10, 2020 Decision

The *Outdoor II* Court established a post-remand framework to resolve Outdoor's request for site-specific relief, *i.e.*, both Outdoor's *original* and *revised* proposed billboards. Simply, Township was required to prove that Outdoor's *original* (1) "proposed billboard is incompatible with any of the Ordinance's

---

[4] Because the trial court heard additional testimony and evidence in resolving whether to grant site-specific relief, we review the trial court's decision for an abuse of discretion or an error of law. *Sowich v. Zoning Hr'g Bd. of Brown Twp.*, 214 A.3d 775, 783 n.6 (Pa. Cmwlth. 2019).

3

unchallenged, pre-existing, and generally applicable provisions"; or (2) "proposed billboard is contrary to the . . . health, safety, and welfare" of the public; or (3) both. *Outdoor II*, 167 A.3d at 290-91 (summarizing *Fernley*, and *In re Bartkowski Inv. Grp., Inc.*, 106 A.3d 230 (Pa. Cmwlth. 2014) (*Bartkowski*), which, in turn, relied on the Pennsylvania Municipalities Planning Code (MPC)).[5]  The *Outdoor II* Court held that *if* Township met its burden for Outdoor's *original* proposed billboard, then "the trial court must consider alternative sites and/or alternative configurations for the proposed billboard and fashion some form of site-specific relief," *i.e.*, Outdoor's *revised* proposed billboard.  *Id.*  The trial court would then review the *revised* proposed billboard under the above three-prong framework.  *See id.*

On remand, the trial court initially held that Township met its burden of proving that Outdoor's original proposed billboard violated several of the Ordinance's "ground sign" provisions.  Trial Ct. Op., 7/10/20, at 5-7.[6]  The court

---

[5] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.  The *Bartkowski* Court explained that the General Assembly's "paramount concern" was "to provide a successful challenger with some measure of [site-specific] relief."  *Bartkowski*, 106 A.3d at 249.  "That paramount concern, however, may be limited by the coexistence of legitimate health, safety, and welfare concerns, and in certain cases a review of reasonable standards set forth in pertinent zoning and land use provisions that may be applicable to a particular use at a particular location."  *Id.*  In other words, the successful challenger's site-specific relief must still comply with unchallenged provisions, to the extent such provisions are material, *i.e.*, applicable.  *See id.*

[6] *Accord* Trial Ct. Op., 7/10/20, at 5 (stating that "Township met its burden of demonstrating that the [original] proposed billboard fails to comply with the extant provisions of the . . . Ordinance" (cleaned up)).  Specifically, the trial court held that Outdoor's *original* proposed billboard violated, *inter alia*, Sections 1902.12 and 1903.2.A of the Ordinance, *i.e.*, selected unchallenged "ground sign" provisions.  *Id.* at 6-7; *see* Hr'g Ex. A-2, at XIX-4 to -5.  Section 1902.12 of the Ordinance states in relevant part regarding "prohibited signs": "The following signs, because their inherent characteristics could threaten the health, safety or welfare of persons in the Township, are unlawful and prohibited: . . . Any sign, or any portion thereof, which extends above the roofline of any building or is attached or mounted or painted on a roof."  Section 1902.12; *see* Hr'g Ex. A-2, at XIX-4.  Section 1903.2.A governs "ground signs":

4

held, however, that those unchallenged "ground sign" provisions were not material to regulating billboards. *Id.* at 7.[7] The court explained that Township did not prove that the "ground sign" provisions did not exclude all billboards, *i.e.*, such provisions permitted billboards. *Id.* at 8-9. For example, Township did not prove that a billboard could still "convey a commercial message" if limited to an area of 30 square feet or less, *i.e.*, a "ground sign" provision at Section 1903.2.A of the Ordinance. *Id.*

The trial court next examined whether the original "proposed billboard [was] contrary to the . . . health, safety, and welfare" of the public. *See Outdoor II*, 167 A.3d at 290-91. The court held that Outdoor's original proposed billboard posed

---

2. Ground Sign - Any sign erected on an independent structure so that the structure is the main support of the sign or erected directly on the ground surface or any sign which is not supported by any part of a building.

Ground Sign, Small - A ground sign, fifteen (15) square feet or less in size and having a height to the highest portion of the sign of no more than eight (8) feet.

Ground Sign, Large - A ground sign having an area thirty (30) square feet or less in size and having a height to the highest portion of the sign of no more than fifteen (15) feet. Large ground signs may be used on residential developments with twenty (20) or more dwelling units or in the [identified] zoning districts.

    A. One (1) ground sign is permitted per road frontage on premises where there is no directory sign.

Section 1903.2.A; *see* Hr'g Ex. A-2, at XIX-5.

[7] *Accord Outdoor II*, 167 A.3d at 290-91 (explaining that the trial court must grant site-specific relief unless "Township meets its burden of proving the materiality of certain unchallenged, pre-existing, and generally applicable provisions of the Ordinance and that [Outdoor's] proposed billboard is incompatible with such provisions. When applying these unchallenged, pre-existing, and generally applicable provisions to [Outdoor's] billboard proposal, however, the trial court must be mindful to not apply provisions relating to on-premises signs in a manner that would exclude all billboards or limit the trial court's discretion in fashioning site-specific relief to [Outdoor]").

5

"a risk to the health, safety[,] and welfare of the public." Trial Ct. Op., 7/10/20, at 10. Accordingly, the court stated it must consider alternative sites or configurations in order to fashion court-mandated site-specific relief for Outdoor, *i.e.*, Outdoor's *revised* proposed billboard. *Id.*; *see also Outdoor II*, 167 A.3d at 291.

Outdoor proposed a *revised* billboard in anticipation of the trial court's mandate to fashion site-specific relief. The trial court held several evidentiary hearings at which it considered Outdoor's *revised* billboard proposal, the proposed alternative location, and traffic safety. *See, e.g.*, Notes of Testimony (N.T.) Hr'g, 12/18/20.[8] We discuss the trial court's subsequent September 14, 2021 opinion, *infra*, as it is not necessary to resolve Township's first issue other than to note that the court did not hold that Outdoor's *revised* billboard proposal violated any "ground sign" provisions. *See generally* Trial Ct. Op., 9/14/21.

### 2. Township's Flawed Site-Specific Relief Argument

On appeal, Township argues that the trial court held that the *revised* proposed billboard violates the Ordinance's "ground sign" provisions. Twp.'s Br. at 19-20 (referencing the trial court's *July 2020* findings, which were directed to

---

[8] In 2013, testimony was adduced regarding the billboard's impact on traffic safety on the then-existing Route 23. But in 2018-19, Route 23 was improved—very simply, it was safer than the 2013 Route 23. Trial Ct. Op., 9/14/21, at 6-7. We add that the billboard will be turned off between midnight and 6:00 a.m. N.T. Hr'g, 11/21/19, at 48.

Following the hearings, the parties submitted proposed findings of fact and conclusions of law. In relevant part, Township contended that the *revised* proposed billboard did not comply with the unchallenged "ground sign" provisions. Twp.'s Proposed Findings of Fact & Conclusions of Law, 8/6/21, at 1, 29. Township, however, did not argue that the provisions were material. *See generally id.* Rather, Township suggested that because the *revised* proposed billboard violated the "ground sign" provisions, *e.g.*, exceeded 30 square feet, the trial court should deny Outdoor's proposed site-specific relief. *Id.* at 29, 31. In contrast, Outdoor reiterated the trial court's prior ruling that Township failed to prove the materiality of the "ground sign" provisions to the *original* proposed billboard. Outdoor's Proposed Findings of Fact & Conclusions of Law, 8/6/21, at 7. By extension, the "ground sign" provisions could not apply to the *revised* proposed billboard. *See id.*

6

Outdoor's *original* proposed billboard).[9] In Township's view, the *Outdoor II* Court held that the trial court must deny relief if Township proved the materiality of the "ground sign" provisions to billboards. *Id.* at 20. Township contends that it "met its burden," and the trial court erred in granting relief to Outdoor. *Id.* at 20-21. Township concludes that because the *revised* proposed billboard is an impermissible "ground sign" under the Ordinance, Township reasons the trial court should have denied site-specific relief. *Id.* at 19 & n.3. Relatedly, Township also argues that Outdoor was required to prove that the "ground sign" provisions "would effectively exclude all billboards in . . . Township or would limit the trial court's discretion in fashioning site-specific relief." *Id.* at 22 (cleaned up). In Township's view, the trial court erred by shifting the burden to Township. *Id.* For these reasons, Township concludes that the trial court erred in granting site-specific relief. *Id.* at 24.[10]

### 3. Discussion

Under Section 1006-A of the Municipalities Planning Code, the trial court has "broad discretionary powers" to grant site-specific relief to an aggrieved

---

[9] *See* Twp.'s Br. at 19 (asserting "the trial court also properly held[] the proposed billboard does not satisfy a number of the restrictions imposed by the unchallenged [ground sign] provisions" (cleaned up)), 19 n.3 (acknowledging that the trial court's July 2020 opinion addressed Outdoor's original billboard proposal but suggesting the holding applied to Outdoor's revised billboard proposal). Because the trial court did not have Outdoor's *revised* proposed billboard before it in July 2020, it could not rule on whether the *revised* proposed billboard violated any "ground sign" provisions. Regardless, as set forth above, the trial court explicitly held that the *original* proposed billboard violated the "ground sign" provisions but that the provisions were immaterial to regulating billboards. Trial Ct. Op., 7/10/20, at 7. *But see* Twp.'s Br. at 19.

[10] Outdoor counters by reiterating the trial court's holding, which was that the "ground sign provisions are not material to the billboard because they were never intended to regulate billboards." Outdoor's Br. at 12 (cleaned up), 15. Outdoor thus rejects any suggestion that it had to challenge the "ground sign" provisions. *See id.* at 15-16. Outdoor also contends that Township misapprehends the burden of proof for granting site-specific relief. *Id.* at 18. In Outdoor's view, no requirement exists to establish the "ground sign" provisions effectively excluded billboards because the trial court's only task was to grant site-specific relief. *Id.*

party. 53 P.S. § 11006-A; *Outdoor II*, 167 A.3d at 290 (citation omitted). The trial court must provide site-specific relief to a successful challenger subject to two conditions. *Outdoor II*, 167 A.3d at 290. First, the trial court's relief "may be limited by the coexistence of legitimate health, safety, and welfare concerns." *Id.* (citation omitted). Second, the relief may be limited by reasonable "zoning and land use provisions that may be applicable to a particular use at a particular location." *Id.* (citation omitted). In other words, "a successful challenger's request for site-specific relief *must be granted* unless the *municipality* can establish the materiality of pre-existing and generally applicable zoning provisions and that the proposed [billboard] is incompatible with such provisions." *Id.* (emphases added).[11] If the trial court denies the requested site-specific relief, then the "trial court must consider whether alternative relief can and should be made available," *i.e.*, another opportunity for "site-specific" relief. *Id.* at 291. Finally, a trial court must strictly comply with a remand order and cannot consider issues outside the scope of the remand order.

---

[11] Section 1006-A of the MPC does not explicitly identify the party carrying the burden of proof, or the burden of proof itself, in resolving site-specific relief. When a statute is silent about the burden of proof, we note that generally the burden "may be placed on the party who must prove the existence of a fact rather than on the party who must prove its non-existence." *Barrett v. Otis Elevator Co.*, 246 A.2d 668, 673 (Pa. 1968). Further, absent statutory language to the contrary, we presume the burden of proof is by a preponderance of the evidence. *In re Navarra*, 185 A.3d 342, 354 (Pa. Super. 2018). A "preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *W. Chester Univ. of Pa. v. Schackner*, 124 A.3d 382, 393 (Pa. Cmwlth. 2015). A party satisfies "its burden of proof with evidence that is substantial and legally credible, not with mere suspicion or by only a scintilla of evidence." *Elk Mountain Ski Resort, Inc. v. Workers' Comp. Appeal Bd. (Tietz, deceased)*, 114 A.3d 27, 34 (Pa. Cmwlth. 2015) (cleaned up) (*Elk*). In any event, the *Outdoor II* Court imposed the burden of proof on Township.

Generally, an appellant contending that it met its burden of proof must cite to the record where such evidence may be found. Pa.R.A.P. 2119(d); *see also Diamond v. Chulay*, 811 F. Supp. 1321, 1335 (N.D. Ill. 1993). Courts typically cannot act as counsel and search the record for supporting authorities, as "[t]o do so places the Court in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. B.D.G.*, 959 A.2d 362, 371 (Pa. Super. 2008) (*en banc*). Here, Township did not cite to the record where such evidence was presented to the trial court.

*Marshall v. Commonwealth*, 197 A.3d 294, 306 (Pa. Cmwlth. 2018).

Instantly, Township apparently misunderstood *Outdoor II* and the trial court's subsequent decisions. Otherwise, we cannot discern why Township would argue that the trial court *held* that the *revised* proposed billboard violated the Ordinance's "ground sign" provisions. *See* Twp.'s Br. at 19-20. The trial court never made any such holding. *See generally* Trial Ct. Op., 9/14/21. Rather, the court held that Outdoor's *original* proposed billboard violated the Ordinance's "ground sign" provisions but that Township failed to prove the provisions' materiality. *See* Trial Ct. Op., 7/10/20, at 6-7.[12]

To the extent that Township argues that it "met its burden" of proving materiality, Township did not explain how the trial court erred. Township failed to identify substantial and legally credible evidence that the "ground sign" provisions were material to regulating billboards. *See Elk*, 114 A.3d at 34; *see generally* Pa.R.A.P. 2119(d). Regardless, Township certainly was not aggrieved by any error involving materiality, because the trial court *rejected* Outdoor's *original* proposed billboard on a different basis, *i.e.*, it was found to be a danger to the public health, safety, and welfare. *See* Trial Ct. Op., 7/10/20, at 10.

To the degree that Township asserts that Outdoor had the burden of proving the "ground sign" provisions effectively excluded all billboards, nothing in the *Outdoor II* Court's decision placed any such burden on Outdoor. *See Outdoor*

_____

[12] Because the trial court agreed that the "ground sign" provisions improperly excluded *all* billboards generally, that holding would necessarily apply to the discrete *revised* proposed billboard. Trial Ct. Op., 7/10/20, at 7; *see also Bienert v. Bienert*, 168 A.3d 248, 254 (Pa. Super. 2017). Further, even if the trial court's September 14, 2021 decision could be construed as holding that Outdoor's *revised* proposed billboard violated the "ground sign" provisions, that holding would contravene the *Outdoor II* Court's mandate that such provisions cannot be applied "in a manner that would exclude all billboards." *Outdoor II*, 167 A.3d at 291. In other words, the provisions are not material. *See id.*

9

*II*, 167 A.3d at 290 (placing burden on municipality). Township cannot impose a burden that *Outdoor II* did not. *See Marshall*, 197 A.3d at 306.[13] For these reasons, Township is due no relief as its argument rests on an apparent misreading of *Outdoor II* and the trial court's decisions.

## B. Whether the *Revised* Proposed Billboard Was Dangerous

Before summarizing Township's argument in support of its next issue, we discuss the trial court's September 14, 2021 decision. The trial court found, *inter alia*, that Route 23 "underwent significant roadway improvements" in 2018, including a new center turn lane and a "realignment of the intersection" with Route 724. Trial Ct. Op., 9/14/21, at 3. The court further found that the realignment, in conjunction with the *revised* proposed billboard's new location, ensured that the billboard was not obstructing the line-of-sight of the intersection's traffic signals. *Id.* Outdoor's *revised* proposed billboard, the trial court stated, was more than 150 feet away from any residence and would not project any light into any nearby residence. *Id.* at 3-4. As for traffic safety, the trial court acknowledged that before 2018, accidents were higher than average for the intersection at issue, but that after 2018, accidents significantly decreased. *Id.* at 4-5.

For these reasons, the trial court held that Township failed to prove that Outdoor's *revised* proposed billboard would still negatively impact the health, safety, and welfare of the public. *Id.* at 6. The court also held that because Township's traffic safety evidence predated the 2018 roadway improvements, such evidence did

---

[13] If Township believed it was aggrieved by the *Outdoor II* Court's burden-shifting, then it should have identified that issue as a basis for granting Township's petition for allowance of appeal from *Outdoor II*. *Appeal of Chester Cnty. Outdoor, LLC* (Pa., No. 588 MAL 2017, Aug. 28, 2017), at 2-3. We add that it is difficult to reconcile Township's argument, which imposes a condition for relief on Outdoor, with (1) the *Outdoor II* Court's directive that Outdoor receive site-specific relief, and (2) the trial court's July 2020 ruling that Township failed to establish the materiality of such provisions as applied to billboards. *See Outdoor II*, 167 A.3d at 291; Trial Ct. Op., 7/10/20, at 7-9.

not prove the billboard posed an unacceptable public safety hazard. *Id.* at 6-7. The court gave little weight to Township's pre-2018 traffic safety data because accidents declined after the 2018 improvement. *Id.* The court acknowledged Township's testimonial evidence that distractions cause 15% of traffic accidents and that there was no way to determine the impact, if any, of a billboard on the number of traffic accidents. *Id.* at 7. In sum, the court held that Township failed to prove that Outdoor's *revised* proposed billboard posed a risk to the health, safety, and welfare of the public. *Id.* Having summarized the trial court's reasoning, we next address Township's argument for its last issue.

In support of its last issue, Township contends that Outdoor's *revised* proposed billboard was contrary to the health, safety, and welfare of the public for two reasons. Twp.'s Br. at 24. First, Township essentially claims that the trial court's findings that the *revised* proposed billboard poses no "unacceptable traffic risk" are "not supported by substantial evidence." *Id.* at 25-28. Township summarizes evidence that it construes as proving that the *revised* proposed billboard poses a public hazard. *See id.* Second, Township argues that because the *revised* proposed billboard is "inconsistent with the aesthetic standards" of the zoning district, the trial court "abused its discretion." *Id.* at 28-29. Specifically, Township argues that the trial court should have addressed the "aesthetic impact" of the *revised* proposed billboard "shining day and night on neighboring residents and businesses." *Id.* at 29.[14]

---

[14] Outdoor counters that Township's concern about residents having a partial view of the billboard did not establish a public safety issue. Outdoor's Br. at 21. Outdoor also challenges Township's traffic safety evidence as stale because the roadway was subsequently improved. *Id.* at 21-23. Outdoor points out that Township's own witness testified that the improved roadway was safer. *Id.* at 22. Outdoor underscores that Township failed to support its argument with any record citations. *Id.*; *accord* Pa.R.A.P. 2119(d).

"When reviewing a sufficiency of the evidence claim in a civil case . . . , an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the verdict winner, must determine whether the evidence was sufficient to enable the factfinder to find that all the elements of the causes of action were established by a preponderance of the evidence." *Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 34 (Pa. 2011); *see generally Schackner*, 124 A.3d at 393. A preponderance of the evidence is met with substantial and legally credible evidence. *Elk*, 114 A.3d at 34. The trial court, as factfinder, must resolve any conflicting evidence. *Lewis v. Lewis*, 234 A.3d 706, 713-14 (Pa. Super. 2020).

Instantly, the trial court held an evidentiary hearing, and each party presented witnesses and evidence as to whether the revised proposed billboard would negatively impact public safety, health, and welfare. *See generally* N.T., 12/18/20, 4/7/21, 5/17/21. Although Township baldly claimed that certain findings of fact "are not supported by substantial evidence," Township did not identify any particular findings of fact and how the record did not support those findings. *See generally* Twp.'s Br. at 25-28; *Elk*, 114 A.3d at 34. Regardless, after viewing the record in the light most favorable to Outdoor, it does not appear the trial court erred. *See Samuel-Bassett*, 34 A.3d at 34; *see also Lewis*, 234 A.3d at 713-14. The trial court's findings of fact cited to the record, including testimony that the billboard was not in the line-of-sight of the traffic signals, the improved road was safer, and the billboard would not illuminate any nearby residence, which addresses Township's "aesthetic" challenge. *See* Trial Ct. Op., 9/14/21, at 2-5.

## IV. CONCLUSION

For these reasons, we affirm the trial court's September 14, 2021 order. Township had the burden of proving the materiality of the "ground sign" provisions

for both Outdoor's original *and* revised proposed billboards in order for the trial court to deny site-specific relief to Outdoor. Township improperly believed that the trial court held that Outdoor's *revised* proposed billboard violated the "ground sign" provisions. The trial court actually held that Outdoor's *original* proposed billboard violated the "ground sign" provisions, but any violation was academic because Township failed to prove the materiality of such "ground sign" provisions. Further, substantial evidence supported the trial court's holding that the *revised* proposed billboard posed minimal danger to the public. Accordingly, we affirm.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Appeal of Chester County Outdoor, | : | |
| LLC from the Decision of the East | : | |
| Pikeland Township Zoning Hearing | : | |
| Board Dated March 23, 2016 | : | No. 1142 C.D. 2021 |
| | : | |
| Appeal of: East Pikeland Township | : | |

## **O R D E R**

AND NOW, this 6th day of June, 2023, we AFFIRM the order entered on September 14, 2021, by the Court of Common Pleas of Chester County.

 

 

_____
LORI A. DUMAS, Judge