# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of: Chester County       :
Outdoor, LLC, from the Decision  :
of the East Pikeland Township Zoning  :
Hearing Board Dated March 23, 2016  :
                                    :
Appeal of: Chester County       :   No. 1761 C.D. 2016
Outdoor, LLC                   :   Argued: June 5, 2017


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


**OPINION**
**BY JUDGE BROBSON**               **FILED: July 28, 2017**


Appellant Chester County Outdoor, LLC (CCO) appeals from an order of the Court of Common Pleas of Chester County (trial court), dated October 11, 2016. The trial court affirmed the decision of the East Pikeland Township Zoning Hearing Board (ZHB), thereby dismissing CCO's appeal. For the reasons discussed below, we affirm in part, vacate in part, and remand for further proceedings.

To fully understand how this matter is presently before the Court, a summary of the basic facts and procedural history from our decision in *Chester County Outdoor, LLC v. Board of Supervisors of East Pikeland Township*, 123 A.3d 806 (Pa. Cmwlth. 2015) (*East Pikeland Township I*), is necessary and helpful:

> CCO engages in the business of developing, owning, operating, and leasing commercial off-premises advertising billboards. CCO is the billboard lessee of property located at 458 Schuylkill Road (Property), in East Pikeland Township. On December 20, 2011, CCO

filed a challenge to the substantive validity of the East Pikeland Township Zoning Ordinance (Ordinance) with the [ZHB]. Specifically, CCO alleged that Sections 1902.13 and 1904.1 of the Ordinance unlawfully excluded billboards. CCO did not request site-specific relief from the ZHB or submit plans for a proposed billboard with the validity challenge.

On February 7, 2012, the Board of Supervisors of East Pikeland Township (the Township) adopted resolution No. 2012-03 declaring the challenged Sections of the Ordinance to be invalid. On March 28, 2012, the ZHB issued a decision and order sustaining the challenge. No party appealed the ZHB's decision. On July 26, 2012, the Township adopted a curative amendment to the Ordinance.

On July 30, 2012, CCO filed [a] declaratory judgment action with the trial court, seeking (1) a declaration that CCO is entitled to site-specific relief to permit a billboard use on the Property, and (2) a hearing be held pursuant to Section 1006-A(d) of the Pennsylvania Municipal Planning Code (MPC)[, Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006-A,] to consider plans for the proposed billboards in determining CCO's right to site-specific relief. Concurrently, CCO filed a petition for a hearing to determine site-specific relief.

On August 20, 2012, the Township moved for the ZHB to be appointed special hearing master pursuant to Section 1006-A(c) of the MPC. CCO objected, arguing that only the trial court could grant relief. The trial court granted the motion over CCO's objection and directed the ZHB to hold a hearing to determine CCO's entitlement to site-specific relief. On September 2, 2014, the ZHB issued its report, denying CCO site-specific relief. The ZHB found that the proposed billboards: (1) would present a threat to health, safety, and welfare; (2) do not comply with the extant provisions of the Ordinance; and (3) do not comply with other reasonable zoning regulations. CCO filed exceptions to the report.

2

Following argument, the trial court issued an order and opinion in which it granted CCO's exceptions to the special report to the extent the exceptions challenged the appointment of the ZHB as a special master under Section 1006-A(c) of the MPC for the purpose of considering site-specific relief. The trial court also declined to implement the report. The trial court explained:

> It is evident now that proceeding under Article X-A of the MPC[, Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §§ 11001-A to 11006-A,] was in error inasmuch as no appeal was or is pending. To the contrary, when CCO commenced this action it was the successful challenger of a provision of the Ordinance. This action was brought as a declaratory judgment action, not a land use appeal. Therefore, Article X-A of the MPC is inapposite.

Citing an unreported panel decision of this Court, *Chester County Outdoor, LLC v. Board of Supervisors of Penn Township* (Pa. Cmwlth., No. 1599 C.D. 2013, filed July 31, 2014) (*Penn Township*), the trial court opined that CCO's request for site-specific relief did not belong before the trial court: "CCO's next step in our case, after prevailing on its challenge, should have been to submit plans to the Township. CCO has never applied for and been denied site-specific relief. Since no application has been denied, no relief is available under Section 1006-A of the MPC."

*East Pikeland Township I*, 123 A.3d at 807-08 (footnotes and citations omitted).

CCO appealed the trial court's decision to this Court, arguing that as the successful challenger to the Ordinance, it was entitled to site-specific relief that must be crafted by the trial court. This Court, relying upon its prior unreported decision in *Penn Township*, a case with a virtually identical procedural posture, held that the trial court did not err in directing CCO to submit its request for

site-specific relief to the appropriate municipal authority, because the trial court did not have jurisdiction to review plans or applications, which had never been submitted to the appropriate authority for consideration.

Thereafter, on November 5, 2015, CCO submitted a building permit application (Permit Application), with the building plans for its proposed billboard appended thereto, to the Township's Zoning Officer (Zoning Officer). (Reproduced Record (R.R.) at 393a-435a.) On November 18, 2015, the Zoning Officer denied CCO's Permit Application. (*Id.* at 436a-40a.) CCO appealed the Zoning Officer's denial of its Permit Application to the ZHB. (*Id.* at 441a-518a.) The ZHB conducted a hearing on January 27, 2016. (*Id.* at 519a.) At that time, CCO and the Township entered into a joint stipulation, whereby CCO and the Township stipulated to the admission of the following documents for consideration by the ZHB: (1) the record established before the ZHB at the time that the ZHB was appointed by the trial court to serve as the special hearing master, including transcripts from the hearings held on June 26, 2013, August 28, 2013, September 25, 2013, October 23, 2013, December 18, 2013, January 22, 2014, February 19, 2014, March 26, 2014, April 23, 2014, and May 21, 2014, and the exhibits admitted into evidence at such hearings; (2) the record established during the declaratory judgment action before the trial court; (3) this Court's decision in *East Pikeland Township I*; (4) CCO's Permit Application; and (5) the Zoning Officer's denial of CCO's Permit Application. (*Id.* at 519a-24a.) By decision dated March 23, 2016, the ZHB concluded that CCO was not entitled to the site-specific relief that it had requested and denied CCO's appeal. (*Id.* at 601a-25a.)

4

CCO appealed the ZHB's decision to the trial court. On October 11, 2016, after taking no additional evidence, the trial court issued an opinion and order, affirming the ZHB's decision and dismissing CCO's appeal. In so doing, the trial court concluded, *inter alia*: (1) Section 1005-A of the MPC[1] set forth the standard of review applicable to its review of the denial of CCO's request for site-specific relief and did not require it to conduct a *de novo* review of the evidence; (2) CCO's proposed billboard had to comply with the Ordinance in effect at the time that CCO submitted its Permit Application because CCO's Permit Application was untimely filed; (3) CCO's proposed billboard failed to comply with the provisions of the Ordinance in effect at the time that CCO submitted its Permit Application, which included the Township's subsequently adopted curative amendment; and (4) the Ordinance's unchallenged provisions regulating the use of signs generally remained applicable to CCO's proposed billboard following its successful validity challenge, and CCO failed to establish that its proposed billboard complied with such provisions. (Trial Ct. Op. at 5-21.)

CCO appealed the trial court's decision to this Court. On appeal,[2] CCO has raised eight issues for our consideration. For purposes of discussion and disposition, we have reordered, condensed, and combined the cognizable issues as follows: (1) whether the process to challenge zoning laws under Section 916.1 of

---

[1] Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005-A.

[2] In an appeal from a trial court's order affirming a decision of a zoning hearing board, where the trial court takes no additional evidence, our review is limited to considering whether the zoning hearing board abused its discretion or erred as a matter of law. *Interstate Outdoor Adver. v. Zoning Hearing Bd. of Warrington Twp.*, 39 A.3d 1019, 1024 n.5 (Pa. Cmwlth. 2012), *appeal denied*, 75 A.3d 1283 (Pa. 2013).

5

the MPC[3] is unconstitutional; (2) whether the trial court erred by concluding that CCO's Permit Application was not timely submitted; (3) whether the trial court erred by concluding that the ZHB possessed the requisite authority and jurisdiction to consider CCO's request for site-specific relief; (4) whether the trial court erred by (a) denying CCO's request for a *de novo* review of the evidence, (b) concluding that CCO rather than the Township had the burden of establishing that none of the general provisions of the Ordinance applied to CCO's proposed billboard, (c) concluding that the ZHB could apply the Township's subsequently adopted curative amendment to CCO's request for site-specific relief, and (d) failing to grant CCO's request for site-specific relief in some form; (5) whether the ZHB capriciously disregarded the unrebutted testimony of CCO's experts regarding the safety of the proposed billboard; and (6) whether the trial court erred by affirming the ZHB's conclusion that CCO's proposed billboard did not comply with the Ordinance's unchallenged and generally applicable provisions.

First, we address CCO's argument that the zoning challenge process under Section 916.1 of the MPC is unconstitutional. More specifically, CCO argues that under the United States and Pennsylvania Constitutions, courts have the sole authority to hear, determine, and remedy zoning challenges. CCO argues further that Section 916.1 of the MPC is unconstitutional because it confers the exclusive power of judicial review over the constitutionality of zoning laws upon municipal zoning hearing boards and prohibits a landowner from commencing a zoning challenge directly in court. In response, the Township argues that zoning

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10916.1.

hearing boards are quasi-judicial bodies authorized by Article V, Section 1 of the Pennsylvania Constitution. Alternatively, the Township argues that Article V, Section 8 of the Pennsylvania Constitution gives the General Assembly the authority to create municipal zoning hearing boards, which the General Assembly did through the enactment of the MPC.

Section 916.1 of the MPC[4] governs the procedure by which an aggrieved person may challenge the validity of a zoning ordinance. This appeal, however, does not involve a challenge to the validity of a zoning ordinance. Rather, it involves the denial of CCO's Permit Application—*i.e.*, CCO's request for site-specific relief following its successful challenge to the validity of Sections 1902.13 and 1904.1 of the Ordinance. CCO's validity challenge was part of a separate proceeding that the ZHB decided on March 28, 2012, and that neither CCO nor the Township appealed. As this appeal does not involve a challenge to the validity of the Ordinance, the issue of the constitutionality of Section 916.1 is not properly before the Court, and we need not address it at this time.

---

[4] Section 916.1 of the MPC provides, in relevant part:

(a) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

(1) to the zoning hearing board under section 909.1(a); or

(2) to the governing body under section 909.1(b)(4), together with a request for a curative amendment under section 609.1.

(b) Persons aggrieved by a use or development permitted on the land of another by an ordinance or map, or any provision thereof, who desires [sic] to challenge its validity on substantive grounds shall first submit their challenge to the zoning hearing board for a decision thereon under section 909.1(a)(1).

7

Next, we address CCO's argument that the trial court erred by concluding that CCO's Permit Application was not timely submitted. In making this conclusion, the trial court reasoned that because CCO did not require further land subdivision or development approval and only needed to apply for a building permit, the conditions of Section 916.1(g) of the MPC[5] were met and CCO had one year within which to file for a building permit or it would lose the protections established by Section 916.1(g)—*i.e.*, that no subsequent amendment to the Ordinance could be applied to adversely affect CCO's rights sustained in the validity challenge. CCO argues that the one-year time limitation set forth in

---

[5] Section 916.1(g) of the MPC provides:

Where, after the effective date of this act, a curative amendment proposal is approved by the grant of a curative amendment application by the governing body pursuant to section 909.1(b)(4) or a validity challenge is sustained by the zoning hearing board pursuant to section 909.1(a)(1) or the court acts finally on appeal from denial of a curative amendment proposal or a validity challenge, and the proposal or challenge so approved requires a further application for subdivision or land development, the developer shall have two years from the date of such approval to file an application for preliminary or tentative approval pursuant to Article V or VII. Within the two-year period, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied in any manner which adversely affects the rights of the applicant as granted in the curative amendment or the sustained validity challenge. Upon the filing of the preliminary or tentative plan, the provisions of section 508(4) shall apply. Where the proposal appended to the curative amendment application or the validity challenge is approved but does not require further application under any subdivision or land development ordinance, the developer shall have one year within which to file for a building permit. Within the one-year period, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied in any manner which adversely affects the rights of the applicant as granted in the curative amendment or the sustained validity challenge. During these protected periods, the court shall retain or assume jurisdiction for the purpose of awarding such supplemental relief as may be necessary.

8

Section 916.1(g) has not yet run because CCO did not submit its proposal for the billboard with its validity challenge to Sections 1902.13 and 1904.1 of the Ordinance. Alternatively, CCO argues that to the extent that a proposal for its proposed billboard was approved, the one-year time limitation was tolled and extended by the Development Permit Extension Act (Permit Extension Act).[6] CCO argues further that such one-year time limitation should be tolled for the duration of any litigation associated with the validity challenge and its efforts to obtain site-specific relief. In response, the Township argues that because proposed billboards do not require subdivision or land development, CCO had one year from the date of the ZHB's March 28, 2012 decision upholding CCO's validity challenge to file a building permit application. The Township argues further that

---

[6] Act of July 9, 2013, P.L. 362, *as amended*, 53 P.S. §§ 11703.1-.8. Section 3 of the Permit Extension Act, *as amended*, 53 P.S. § 11703.3, provides, in pertinent part:

> (a) Automatic suspension.—For an approval that is granted for or in effect between the beginning of the extension period[, December 31, 2008,] and July 2, 2013, whether obtained before or after the beginning of the extension period, the running of the period of the approval shall be automatically suspended until July 2, 2016.

Section 2 of the Permit Extension Act, *as amended*, 53 P.S. § 11703.2, defines an "approval" as:

> (1) [A]ny government agency approval, agreement, permit, including a building permit or construction permit, or other authorization or decision:
>
>> (i) allowing a development or construction project to proceed; or
>>
>> (ii) relating to or affecting development, granted pursuant to a statute, regulation or ordinance adopted by a municipality, including the following:
>>
>>> . . . .
>>>
>>> (T) The [A]ct of July 31, 1968[, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202], known as the [MPC].

9

CCO well-exceeded that one-year time limitation because CCO did not file its Permit Application until November 2015, nearly three years after the ZHB's decision. The Township also argues that the Permit Extension Act does not save the untimeliness of CCO's Permit Application because the ZHB's decision to sustain CCO's validity challenge does not constitute an "approval."

Section 916.1(g) of the MPC provides, in pertinent part: "[w]here the *proposal appended to the . . . validity challenge is approved* but does not require further application under any subdivision or land development ordinance, the developer shall have one year within which to file for a building permit." (Emphasis added.) This one-year time limitation is not applicable to an application for building permit unless the ZHB approved a proposal that was appended to the validity challenge. In this case, the ZHB did not consider, let alone approve, a proposal, because CCO did not append a billboard proposal to its validity challenge. As a result, the requirement that a building permit be filed within one year of the *approval of a proposal* appended to a validity challenge is not applicable to the facts of this case, and we must, therefore, conclude that the trial court erred by finding that CCO's Permit Application was not timely submitted.

Next, we address CCO's argument that the trial court erred by concluding that the ZHB possessed the requisite authority and jurisdiction to consider CCO's request for site-specific relief. More specifically, CCO argues that its request for site-specific relief is an equitable remedy that must be determined by a court and cannot be left to the municipality that unconstitutionally prohibited the use in the first place. In response, the Township argues that the doctrine of *res judicata* precludes CCO from arguing that the ZHB lacked authority to determine CCO's request for site-specific relief, because this Court previously rejected this

10

argument in *East Pikeland Township I* and *Penn Township*. Alternatively, the Township argues that, to the extent that this matter is considered to be a later phase of the *East Pikeland Township I* matter, the "law of the case" doctrine precludes the reconsideration of this argument at this time.

In *East Pikeland Township I* and *Penn Township*, this Court concluded that CCO was not entitled to site-specific relief directly from the trial court, because the trial court did not have jurisdiction to review plans or applications that had never been submitted to the appropriate authority for consideration. *E. Pikeland Twp. I*, 123 A.3d at 810; *Penn Twp.*, slip op. at 4. In other words, before the trial court could consider CCO's request for site-specific relief, CCO was first required to file an appropriate application with the local municipality. *E. Pikeland Twp. I*, 123 A.3d at 809-10. Despite its two unsuccessful attempts at the same argument, CCO again argues that the ZHB lacks the authority to consider its request for site-specific relief. We decline to re-examine the issue, and we reaffirm our holding in *East Pikeland Township I*. Thus, the trial court did not err in determining that the ZHB possessed the requisite authority and jurisdiction to consider initially CCO's request for site-specific relief.

Finally, we address CCO's arguments that the trial court erred by denying CCO's request for a *de novo* review of the evidence, concluding that CCO rather than the Township had the burden of establishing that none of the general provisions of the Ordinance applied to CCO's proposed billboard, concluding that the ZHB could apply the subsequently adopted curative amendment to CCO's request for site-specific relief, and failing to grant CCO's request for site-specific relief in some form. More specifically, CCO argues that "[g]iven the MPC's emphasis on the court's exclusive role in granting site-specific relief and CCO's

11

reliance upon this judicial aid as its sole remedy, the trial court is required to examine the matter of site-specific relief *de novo*[,]" and, therefore, the ZHB's findings of fact and conclusions of law should not be entitled any weight in the trial court's determination of the request for site-specific relief. (CCO's Br. at 33.) CCO argues further that because the Ordinance specifically excluded billboards, it was the Township's burden to prove "the materiality of any existing generally applicable regulations and how applying such regulations are reasonably related to protecting the public health and safety." (CCO's Br. at 37.) CCO also argues that a curative amendment adopted by a municipality after a validity challenge has been filed should be given no effect in fashioning site-specific relief. CCO contends further that as the successful challenger to the Ordinance's unconstitutional exclusion of billboards, CCO is entitled to some form of site-specific relief.

In response, the Township argues that the trial court did not err by limiting its review to the evidentiary record presented to the ZHB and determining that it was not required to conduct a *de novo* review of the evidence, because this Court previously rejected CCO's arguments to the contrary in *East Pikeland Township I* and *Penn Township*, and, therefore, *res judicata* and the "law of the case" doctrine preclude the reconsideration of CCO's arguments. Rather than addressing whose burden it is to prove whether any unchallenged provisions of the Ordinance are material and applicable to CCO's request for site-specific relief, however, the Township simply argues that the Ordinance's general sign criteria and regulations applicable to structures apply to CCO's request for site-specific relief because CCO did not challenge such provisions as part of its validity challenge, and the Township's witnesses identified a wide variety of such regulations with which CCO's proposed billboard does not comply. The Township

12

also argues that based upon the approach adopted by this Court in *J.B. Steven, Inc. v. Board of Commissioners of Wilkins Township*, 654 A.2d 135 (Pa. Cmwlth.), *appeal denied*, 668 A.2d 1139 (Pa. 1995),[7] a curative amendment "is among the factors that play into the review of a request for site[-]specific relief." (Township's Br. at 31.) Lastly, the Township argues that CCO is not entitled to the unfettered, unlimited, and automatic right to construct any billboard it desires simply because CCO filed a successful validity challenge to the Ordinance's provisions excluding billboards. Rather, CCO's proposed billboard must comply with the Ordinance's unchallenged provisions, be a reasonable use, and not be contrary to the public health, safety, and welfare.

This Court previously addressed CCO's arguments regarding *de novo* review and the grant of some form of site-specific relief in *In re Bartkowski Investment Group, Inc.*, 106 A.3d 230 (Pa. Cmwlth. 2014), *appeal denied*, 118 A.3d 1109 (Pa. 2015). After reviewing the unambiguous language in Section 1006-A of the MPC[8] and numerous decisions of this Court and the

---

[7] The procedural and factual posture of *J.B. Steven, Inc.* is distinguishable from the present case. In *J.B. Steven, Inc.*, the zoning hearing board determined that the building permits for the proposed billboards would not be issued unless the applicant complied with what this Court referred to as the "Board's Curative Amendment." *J.B. Steven, Inc.*, 654 A.2d at 137. The "Board's Curative Amendment," however, appears simply to have been the zoning hearing board's own proposed curative amendment, which set forth what the zoning hearing board believed to be reasonable restrictions on the erection of the proposed billboards, and not a curative amendment that had been formally adopted by the township—*i.e.*, it was simply an explanation of what the zoning hearing board believed to be reasonable restrictions on the applicant's request for site-specific relief. *See J.B. Steven, Inc.*, 654 A.2d at 137-40.

[8] Section 1006-A of the MPC provides, in relevant part:

> (c) If the court finds that an ordinance or map, or a decision or order thereunder, which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans

**(Footnote continued on next page…)**

13

Pennsylvania Supreme Court, this Court identified several binding principles that apply in circumstances in which a successful challenger of a zoning ordinance is seeking site-specific relief:

> First, Section 1006-A gives broad discretionary powers to the trial court to fashion appropriate relief to the successful challenger of a zoning ordinance. In exercising this power to fashion judicial relief, the trial court owes no deference to the administrative findings of the zoning hearing board or governing body, whichever rejected the challenger's substantive validity challenge. This does not mean, however, that a trial court must also ignore findings of the local agency or the evidence gathered in the local agency proceeding. Though not binding, both may inform a trial court's decision under Section 1006-A. The trial court may also conduct a hearing to receive evidence. Such additional evidence,

---

**(continued…)**

and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal, it may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction thereof for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order.

(d) Upon motion by any of the parties or upon motion by the court, the judge of the court may hold a hearing or hearings to receive additional evidence or employ experts to aid the court to frame an appropriate order. If the court employs an expert, the report or evidence of such expert shall be available to any party and he shall be subject to examination or cross-examination by any party. He shall be paid reasonable compensation for his services which may be assessed against any or all of the parties as determined by the court. The court shall retain jurisdiction of the appeal during the pendency of any such further proceedings and may, upon motion of the landowner, issue such supplementary orders as it deems necessary to protect the rights of the landowner as declared in its opinion and order.

whether developed before the trial court or the zoning hearing board at the trial court's direction, would seem necessary should the trial court consider alternative sites and/or alternative configurations for the use at issue. A trial court may retain experts. A trial court may refer some matters to the appropriate governing body in the municipality for further proceedings. But, critically, a trial court retains jurisdiction and overseas the process. Ultimately, what form of judicial relief is appropriate— *e.g.*, location and/or configuration—is the trial court's decision, subject to a right of appeal, of course, to this Court.

Having recognized the extent of a trial court's authority under Section 1006-A of the MPC, we must also acknowledge that while a trial court may conduct its review using all of the evaluative tools available, we cannot say that a trial court's failure to utilize one or all of the options will constitute an abuse of discretion under Section 1006-A of the MPC. As we have attempted to emphasize, a trial court's powers under this provision are broad *and* discretionary. It seems apparent that, in order for the trial court properly to exercise the powers the General Assembly has vested in it, a trial court must keep in mind that the paramount concern the General Assembly expressed in Section 1006-A of the MPC, as interpreted by the courts, is to seek to provide a successful challenger with some measure of relief. That paramount concern, however, may be limited by the coexistence of legitimate health, safety, and welfare concerns, and in certain cases a review of reasonable standards set forth in pertinent zoning and land use provisions that may be applicable to a particular use at a particular location. Thus, the discretionary powers vested in trial courts serve these two considerations.

*Bartkowski*, 106 A.3d at 248-49 (emphasis in original). This Court went on to conclude that if the trial court refuses to grant the successful challenger of a zoning ordinance the site-specific relief requested, the trial court must consider whether alternative relief can and should be made available. *Id.* at 250.

15

In addition, in *Fernley v. Board of Supervisors of Schuylkill Township*, 502 A.2d 585 (Pa. 1985), our Supreme Court addressed the applicability of a subsequently adopted curative amendment to a successful challenger's request for site-specific relief, as well as the burden of proof with respect to the application of general provisions following a successful challenge to a zoning ordinance. In *Fernley*, the Supreme Court stated:

> [A] zoning provision adopted by a municipality which cures the constitutional infirmity but which was not considered or advertised prior to the filing of the challenger's application for review of the zoning ordinance, may not be given effect for purposes of fashioning the appropriate relief to be awarded to the successful challenger.

*Fernley*, 502 A.2d at 589 (citing *Casey v. Zoning Hearing Board*, 328 A.2d 464, 468 (Pa. 1974)). The Supreme Court stated further that while a successful challenger is permitted to develop the subject property as proposed, an approval is not automatic and "must be predicated on the suitability of the proposed site and various health and safety considerations." *Id.* Therefore, the Supreme Court held that a successful challenger's request for site-specific relief must be granted unless the municipality can establish the materiality of pre-existing and generally applicable zoning provisions and that the proposed development is incompatible with such provisions. *Id.* at 591.

The holdings of *Bartkowski* and *Fernley* establish the framework that governs the trial court's review of CCO's request for site-specific relief as the successful challenger of Sections 1902.13 and 1904.1 of the Ordinance. While CCO is required to first submit its request for site-specific relief to the ZHB for consideration and determination, the trial court is the ultimate decision maker. The trial court is required to conduct a *de novo* review of the evidence and need not

16

give deference to the ZHB's findings. As part of such *de novo* review, however, the trial court, in its discretion, is permitted to accept the ZHB's findings as its own. The trial court is also permitted, but not required, to hold a hearing and take additional evidence. After conducting its *de novo* review, the trial court is required to grant CCO's request for site specific relief, unless the Township meets its burden of proving the materiality of certain unchallenged, pre-existing, and generally applicable provisions of the Ordinance and that CCO's proposed billboard is incompatible with such provisions. When applying these unchallenged, pre-existing, and generally applicable provisions to CCO's billboard proposal, however, the trial court must be mindful to not apply provisions relating to on-premises signs in a manner that would exclude all billboards or limit the trial court's discretion in fashioning site-specific relief to CCO. In addition, the trial court is not permitted to apply the Township's July 26, 2012 curative amendment to CCO's request for site-specific relief, as such curative amendment was adopted after CCO filed its validity challenge. In the event that the trial court concludes that CCO's proposed billboard is incompatible with any of the Ordinance's unchallenged, pre-existing, and generally applicable provisions and/or that the proposed billboard is contrary to the public health, safety, and welfare, the trial court must consider alternative sites and/or alternative configurations for the proposed billboard and fashion some form of site-specific relief to CCO.

In this case, the trial court failed to adhere to this framework. First, the trial court failed to conduct a *de novo* review of the evidence presented before

17

the ZHB, instead giving deference to the ZHB's findings.[9]  Second, the trial court improperly concluded that CCO's proposed billboard was required to comply with the Ordinance in effect at the time that CCO filed its Permit Application, which included the Township's curative amendment.  Third, the trial court improperly shifted the burden of proof to CCO and concluded that CCO failed to establish that the proposed billboard complied with the Ordinance's unchallenged, pre-existing, and generally applicable provisions.  Lastly, the trial court failed to fashion some form of site-specific relief for CCO.  As a result, we must conclude that the trial court erred as a matter of law.

Accordingly, we affirm the trial court's order with respect to its conclusion that the ZHB possessed the requisite authority and jurisdiction to consider CCO's request for site-specific relief.  We vacate the trial court's order in

---

[9] In *East Pikeland Township I*, this Court, in an attempt to assuage CCO's concerns that it would not receive a fair hearing before the ZHB, noted in a footnote that the submission of a request for site-specific relief to the ZHB for approval is merely the first step.  *E. Pikeland Twp.*, 123 A.3d at 810 n.8.  This Court noted further that if CCO was displeased with the ZHB's decision, it could appeal the matter to the trial court, and the trial court could elect to receive additional evidence and review the case *de novo* pursuant to Section 1005-A of the MPC.  *Id.*  The question of what standard of review would be applicable to the trial court's review of any denial of CCO's request for site-specific relief, however, was not before this Court in *East Pikeland Township I*.  As a result, this Court's statements in that regard were dicta and did not represent the holding in *East Pikeland Township I*.  The trial court interpreted this Court's statements as requiring it to conduct its review of any denial of CCO's request for site-specific relief under the deferential standard set forth in Section 1005-A of the MPC.  Upon further review and consideration now that the issue is squarely before the Court, we conclude that Section 1006-A of the MPC, not Section 1005-A, applies, where, as here, following a successful validity challenge, the zoning hearing board rejects plans for site-specific relief and the developer appeals that decision to the common pleas court.

18

all other respects and remand the matter to the trial court for further proceedings and the issuance of a decision consistent with this Opinion.[10]

_____
P. KEVIN BROBSON, Judge

---

[10] Because we have concluded that the trial court erred by failing to adhere to the framework set forth above regarding its review of CCO's request for site-specific relief as the successful challenger of Sections 1902.13 and 1904.1 of the Ordinance, and we have remanded the matter to the trial court for further proceedings consistent with this opinion, we need not consider the remainder of CCO's arguments addressing the sufficiency of evidence.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of: Chester County         :
Outdoor, LLC, from the Decision    :
of the East Pikeland Township Zoning  :
Hearing Board Dated March 23, 2016  :
                                       :
Appeal of: Chester County         :   No. 1761 C.D. 2016
Outdoor, LLC                      :

# **O R D E R**

AND NOW, this 28th day of July, 2017, the order of the Court of Common Pleas of Chester County (trial court) is AFFIRMED in part and VACATED in part, and the matter is REMANDED to the trial court for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge