IN THE COMMONWEALTH COURT OF PENNSYLVANIA

America First Enterprises, LLP,     :
    :
                Appellant     :
    :
          v.     : No. 793 C.D. 2024
    : Argued: May 6, 2025
Board of Supervisors of the     :
Township of Middlesex     :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                             FILED: June 2, 2025

America First Enterprises, LLP (AFE) appeals the order of the Butler County Court of Common Pleas (trial court) dismissing its appeal of, and affirming, the decision of the Board of Supervisors of the Township of Middlesex (Supervisors and Township, respectively). The Supervisors' decision denied AFE's conditional use and preliminary land use applications (Applications) to construct a billboard on the property owned by Thomas and Gloria Zimmerman located at 1311 Pittsburgh Road in the Township's C-2 Commercial Zoning District (Zimmerman property), for which AFE has an easement. This case returns to this Court following remand in *America First Enterprises, LLP v. Middlesex Township Zoning Hearing Board* (Pa. Cmwlth., Nos. 1440 C.D. 2018 and 1466 C.D. 2018, filed January 5, 2021) (*AFE I*). We vacate and remand.

## I.

By way of background, in 2006, the Township adopted Ordinance 108, also referred to as the Enactment Ordinance, which reenacted, amended, and codified the Township's Ordinance 21 of 1992 (Ordinance) as outlined in Attachments A and C, relevant herein. Attachment A set forth standards for specific uses, including §1102.XX Billboards (amended). Section 1102.XX(1) stated, *inter alia*, that billboards are not permitted within the R-1 and R-2 Residential Zoning Districts or within 500 feet of a school property, and the size of a sign face was restricted to 750 square feet.

In turn, Attachment C, codifying the Ordinance, identifies nine zoning districts and includes two separate Articles that expressly regulate billboards, with some conflicting provisions. For example, per Attachment C, Article XI of Ordinance 108 (Standards and Criteria for Conditional Uses and Uses by Special Exception) essentially incorporated the regulations in Attachment A at §1102.XX Billboards (amended). Article XI, Section 1102.3(1), codified at Ordinance §175-98(A), provides in part that billboards ***shall not be erected*** within the AG-A, AG-B, R-1, and R-2 residential districts or within 500 feet of a school. *See* Reproduced Record (RR) at 266a. Article XI, Section 1102.3(2), codified at Ordinance §175-98(B), states that a billboard shall have a maximum allowable gross surface area of 750 square feet per sign face. *See id.* at 267a.

Also as set forth in Attachment C, Article XIV (Signs), formerly codified at Ordinance §175-165(A)(1),[1] states:

---

[1] Although not relevant for our disposition, it must be noted that on March 20, 2019, the Supervisors enacted Ordinance No. 133, which amended Ordinance §175-98 and repealed Ordinance §175-165.

Billboards shall be subject to the requirements of Article XI governing conditional uses and the specific standards and criteria of §175-98. A permit for a billboard shall not be issued until the conditional use application has been granted by the [Supervisors], following recommendation by the Planning Commission and a public hearing by the [Supervisors], provided all of the following requirements are met:

A. Location. Billboards may be authorized as a conditional use only in the C-2 and I-1 Districts, provided all of the following criteria are met:

(1) Billboards shall not be erected within 500 feet of the boundary line of any R District or within 500 feet of any public or private school, place of worship, or cemetery . . . .

RR at 327a. Further, under Section 1406.2, formerly codified at Ordinance §175-165(B), a billboard shall have a maximum allowable gross area of 450 square feet per sign face. *See id.* Additionally, "billboard" is defined as a "sign displaying changeable advertising copy" in Ordinance Section 175-8. *See id.* at 198a.[2]

---

[2] Finally, and quite importantly, Section 1-14 of the Township's Code states:

The provisions of this ordinance and of the Code adopted hereby are severable, and if any clause, sentence, subsection, section, article, chapter or part thereof shall be adjudged by any court of competent jurisdiction to be illegal, invalid or unconstitutional, such judgment or decision shall not affect, impair or invalidate the remainder thereof but shall be confined in its operation and application to the clause, sentence, subsection, section, article, chapter or part thereof rendered illegal, invalid or unconstitutional. It is hereby declared to be the intent of the [Supervisors] that this ordinance and the Code would have been adopted if such illegal, invalid or unconstitutional clause, sentence, subsection, section, article, chapter or part thereof had not been included therein.

Township Code §1-14.

On May 25, 2016, AFE filed three conditional use applications with the Supervisors to construct a billboard on each of three separate parcels of land in the Township, including the Zimmerman property. In its applications, AFE chose the most favorable criteria from among the conflicting Ordinance provisions. On the same day, AFE filed a "protective" substantive validity challenge with the Township's Zoning Hearing Board (ZHB). On May 26, 2016, the Township Manager returned the applications as incomplete, requiring an engineered land development plan. AFE unsuccessfully sought a meeting with the Supervisors to clarify the inconsistent provisions. *See AFI I*, slip op. at 4.

The validity challenge before the ZHB was continued by agreement of the parties, but no settlement was reached. The ZHB held public hearings, and the parties submitted briefs in support of their respective positions. AFE offered no witnesses, viewing the facial validity challenge as raising only questions of law. The Township submitted the testimony of Andrew Schwartz, of Environmental Planning and Design; however, while the ZHB found his testimony credible, the ZHB agreed with AFE that the issues presented were primarily legal questions and the relevant facts were not in dispute. *See id.*, slip op. at 4-5.

The ZHB rejected the Township's argument that the ZHB lacked jurisdiction and that the matter should be reviewed by the Planning Commission and the Supervisors under Section 916.1(a)(1) of the Municipalities Planning Code (MPC).[3] In relevant part, the ZHB was persuaded by AFE's contentions that the

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10916.1(a). Section 916.1(a) states, in relevant part :

(a) A landowner who, on substantive grounds, desires to challenge
the validity of an ordinance or map or any provision thereof which
**(Footnote continued on next page…)**

prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either: (1) to the zoning hearing board under [S]ection 909.1(a); or (2) to the governing body under [S]ection 909.1(b)(4), together with a request for a curative amendment under [S]ection 609.1.

In turn, Section 609.1(b) and (c)(1) and (3) through (5) provides, in pertinent part:

(b) . . . If a municipality does not accept a landowner's curative amendment brought in accordance with this subsection and a court subsequently rules that the challenge has merit, the court's decision shall not result in a declaration of invalidity for the entire zoning ordinance and map, but only for those provisions which specifically relate to the landowner's curative amendment and challenge.

(c) The governing body of a municipality which has determined that a validity challenge has merit may accept a landowner's curative amendment, with or without revision, or may adopt an alternative amendment which will cure the challenged defects. The governing body shall consider the curative amendments, plans and explanatory material submitted by the landowner and shall also consider:

(1) the impact of the proposal upon roads, sewer facilities, water supplies, schools and other public service facilities;

* * *

(3) the suitability of the site for the intensity of use proposed by the site's soils, slopes, woodland, wetlands, flood plains, aquifers, natural resources and other natural features;

(4) the impact of the proposed use on the site's soils, slopes, woodlands, wetlands, flood plains, natural resources and natural features, the degree to which these are protected or destroyed, the tolerance of the resources to development and any adverse environmental impacts; and

(5) the impact of the proposal on the preservation of agriculture and other land uses which are essential to public health and welfare.

Added by the Act of June 1, 1972, *as amended*, 53 P.S. §10609.1(b) and (c)(1) and (3)-(5).

5

conflicting Ordinance provisions made it impossible for AFE to determine what standards apply for purposes of completing their conditional use applications. The ZHB relied on Section 916.1(a)(1) of the MPC to conclude that it had jurisdiction to hear the validity challenge. *See AFI I*, slip op. at 5.

The ZHB identified the following three conflicting provisions in the Ordinance with which it was presented: (1) front yard setbacks (under Section 175-98, the minimum yard setback in the C-2 district is 75 feet, while under Section 175-165, no setback can be closer than 10 feet to any public street); (2) Zoning Districts in which billboards are permitted (under Section 175-98, billboards are permitted in all but the AG-A, AG-B, R-1 and R-2 districts, while in Section 175-165, billboards are permitted only in the C-1 and C-2 districts); and (3) the size of the sign facing (under Section 175-98, sign faces can be 750 square feet, while under Section 175-165, the size of the sign face is limited to 450 square feet). *See AFE I*, slip op. at 5-6.

Ultimately, the ZHB concluded that "the billboard provisions in Section 1102.XX of Attachment A to Ordinance 108 are controlling over [the] codification at [Section] 175-98 . . . or [175-65] . . . to the extent of any conflict," that "[t]o the extent [Section] 1102.XX is accurately codified in the [Ordinance] as [§175.98,] then that section controls [Section] 175-165," and, finally, "[i]f there is doubt or confusion, then the parties must return to Ordinance 108, §1102.XX." *AFE I*, slip op. at 7.

AFE and the Township appealed to the trial court, which heard argument, but did not take additional evidence, and affirmed the ZHB's decision without addressing the appellate claims raised by the parties. *See AFE I*, slip op. at 7. On further appeal to this Court, AFE sought "a declaration that the inconsistent

6

provisions of the [Ordinance] are invalid and the grant of site-specific relief, or a declaration that the provisions are inconsistent and must be interpreted in AFE's favor." *Id.*, slip op. at 8.

AFE first claimed "that the conflicting standards in [the] two irreconcilable ordinances are not comprehensible by a person of ordinary intelligence and, therefore, are unconstitutionally vague." *AFE I*, slip op. at 8. Ultimately, we agreed with AFE stating, in pertinent part:

> The [Ordinance] provisions that expressly regulate billboards irreconcilably conflict in material respects, including minimum front yard setbacks, the districts in which billboards are permitted, and the permitted size of the billboard face. The ZHB did not acknowledge the conflicting criteria in Sections 175-98 and 175-65, but nevertheless attempted to resolve the conflicts. To the extent that the Township now challenges [the] ZHB's interpretation, its argument also reflects the ambiguity in the [Ordinance].

*Id.*, slip op. at 9-10.[4]

Finally, with respect to AFE's request for site-specific relief, we noted that "[a] party that successfully challenges a zoning restriction cannot be denied site-specific relief *if* the challenger complies with the remaining valid portions of the regulations. *Casey v. Zoning Hearing Board of Warwick Township*, 328 A.2d 464,

---

[4] This Court also agreed with AFE's assertion that the ZHB erred in determining that "the repealing clause in Ordinance 108 did not eliminate the conflicts that currently exist in [Articles XI and XIV of] the [Ordinance]." *AFE I*, slip op. at 11. We further agreed with AFE's assertion that the ZHB acted *ultra vires* in interpreting the Ordinance because its authority to decide a meritorious validity challenge is limited by Section 916.1(c)(5) of the MPC, 53 P.S. §10916.1(c)(5), to "include recommended amendments to the challenged ordinance which will cure the defects found," subject to the same considerations to be used by the Supervisors under Section 609.1(c). *See id.* at 11-12.

469 (Pa. 1974)." *AFE I*, slip op. at 12 (emphasis in original). In this regard, we observed:

> [In *Adams Outdoor Advertising, Ltd. v. Hanover Township Zoning Hearing Board*, 633 A.2d 240, 245 (Pa. Cmwlth. 1993)], we explained that an approval of a successful challenger's plan is not automatic; the suitability of the proposed site and various health and safety considerations must be considered. *Id.* The municipality in *Adams Outdoor Advertising, Ltd.* failed to present any record evidence demonstrating that the challenger's plan, if allowed, would be injurious to the public health, safety, welfare, and morals. Relying on *Casey*, we reversed the trial court's order and remanded the matter to the zoning hearing board with instructions to issue the challenger a permit to construct the sign as proposed. 633 A.2d at 245-46.
>
> However, neither this Court nor the ZHB can provide AFE site-specific relief. We hold that AFE is entitled to application of the most favorable reconciliation of the challenged conflicting [Ordinance] provisions. To the extent that billboards are allowed as conditional uses under the [Ordinance], the [Supervisors] consider such applications. Our holding herein does not relieve AFE of the need to re-submit its conditional use applications to that body.
>
> Accordingly, we vacate the trial court's order and remand the matter to permit AFE to re-submit its conditional use applications for consideration and disposition by the [Supervisors].

*Id.*, slip op. at 13 (footnotes omitted).[5]

---

[5] *See also In re Charlestown Outdoor, LLC*, 280 A.3d 948, 960-61 (Pa. 2022) (footnotes omitted) ("[E]xclusionary zoning challenges are resolved by analyses of the zoning ordinances at issue. If the challenged zoning ordinance appears to permit a use but also imposes conditions that make it impossible to accomplish the use, it is *de facto* exclusionary. In other words, to the extent an ordinance excludes a use, it is, *ipso facto*, exclusionary.") (footnote omitted).

8

## II.

As a result, on August 2, 2022, AFE submitted the instant Applications to the Township seeking to only install a billboard at the Zimmerman property. *See* RR at 441a-47a. On August 23, 2022, the Township's engineer, Herbert, Rowland & Grubic, Inc. (HRG), issued its review letter in which it cited 17 comments challenging the Applications' compliance with the Ordinance. *See id.* at 462a-66a. In relevant part, HRG noted that the proposed billboard violates: (1) Ordinance §175-98(A)(1) and §175-165(A)(1) because it was to be placed within 500 feet of the boundary line with the R-1 Residential Zoning District, *see id.* at 463a; (2) Ordinance §175-98(A)(3) and §175-165(A)(6) because its vertical supports block the view of the existing structure on the property, *see id.* at 464a; (3) Ordinance §175-155(A) and (B) because the site plan fails to show a landscaped greenway of no less than 20 feet along the property on Pennsylvania State Route 8, and the required setback of 10 feet from the edge of that defined greenway, *see id.* at 465a; and (4) Ordinance §175-161(F) because the plan fails to show that the billboard will comply with the applicable illumination requirements. *See id.* AFE submitted written responses to HRG's review letter. *See id.* at 467a-90a, 491a-95a.

On October 26, 2022, the Township's Planning Commission conducted a hearing on the Applications. *See* RR at 190a-91a. At the conclusion of the hearing, the Planning Commission unanimously voted to deny the Applications based on the foregoing purported deficiencies. *See id.* at 191a.

On November 16, 2022, and December 21, 2022, public hearings on the Applications were held before the Supervisors. At the conclusion of the hearings, on December 22, 2022, the Supervisors sent written notice of the decision denying the Applications based on the foregoing enumerated deficiencies. *See* RR at 625a-

9

38a. Specifically, the Supervisors found that "after review of the documentary evidence, [] the testimony admissions of AFE, [and] the review letter of HRG, . . . the Application[s] should be denied because [they do] not comply with the applicable standards for billboards as identified [in] HRG's review letter . . . ." *Id.* at 629a.

On January 19, 2023, AFE appealed the Supervisors' decision to the trial court. *See* RR at 15a-70a. In pertinent part, AFE invoked the trial court's jurisdiction over the appeal pursuant to Sections 1002-A[6] and 1006-A of the MPC,[7]

---

[6] Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §11002-A. Section 1002-A(a) states, in pertinent part: "All appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision . . . ." 53 P.S. §11002-A(a).

[7] Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §11006-A. Section 1006-A(a), (c), and (d) states, in relevant part:

> (a) In a land use appeal, the court shall have power to declare any ordinance or map invalid and set aside or modify any action, decision or order of the governing body, agency or officer of the municipality brought up on appeal.
>
> * * *
>
> (c) If the court finds that an ordinance or map, or a decision or order thereunder, which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the governing body . . . whose action or failure to act is in question on the appeal, it may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction thereof for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order.

**(Footnote continued on next page…)**

10

and Section 933(a)(2) of the Judicial Code,[8] seeking *de novo* review of the Supervisors' decision in that court. *See id.* at 16a-17a. Citing *In re Bartkowski Investment Group, Inc.*, 106 A.3d 230 (Pa. Cmwlth. 2014), AFE asserted that pursuant to Section 1006-A, the trial court "holds broad discretionary oversight powers to fashion a remedy where a proposed use has been unlawfully denied and may approve the proposed use as to all or some elements including alternative restrictions." *Id.* at 17a.

On May 15, 2024, without taking additional evidence, but following the submission of briefs and argument by the parties on March 6, 2024, the trial court entered the instant order dismissing AFE's appeal and affirming the Board's decision. In the Pa.R.A.P. 1925(a) opinion filed in support of its order, with respect to its review, the trial court specifically concluded: "[T]his court does not find that it has 'retained' or must 'assume' jurisdiction under [Section 916.1(g) of the

---

> (d) Upon motion by any of the parties or upon motion by the court, the judge of the court may hold a hearing or hearings to receive additional evidence or employ experts to aid the court to frame an appropriate order. If the court employs an expert, the report or evidence of such expert shall be available to any party and he shall be subject to examination or cross-examination by any party. . . . The court shall retain jurisdiction of the appeal during the pendency of any such further proceedings and may, upon motion of the landowner, issue such supplementary orders as it deems necessary to protect the rights of the landowner as declared in its opinion and order.

53 P.S. §11006-A(a), (c), and (d); *see also* Section 1006-A(e), 53 P.S. §11006-A(e) ("The fact that the plans and other materials are not in a form or are not accompanied by other submissions which are required for final approval of the development or use in question . . . shall not prevent the court from granting the definitive relief authorized.").

[8] 42 Pa. C.S. §933(a)(2). Section 933(a)(2) provides that the trial court has jurisdiction over "[a]ppeals from government agencies, except Commonwealth agencies, under Subchapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action) or otherwise."

11

MPC[9]]," and "agree[s] with the [Supervisors] that the court is not reviewing the [Supervisors decision] as a proceeding for site-specific relief under [Section 1006-A], and that the court's scope of review is as stated in [Section 1005-A,[10]] *i.e.*, the

---

[9] 53 P.S. §10916.1(g). Section 916.1(g) states, in relevant part:

> (g) Where, after the effective date of this act, . . . the court acts finally on appeal from denial of . . . a validity challenge, and the proposal or challenge so approved requires a further application for subdivision or land development, the developer shall have two years from the date of such approval to file an application for preliminary or tentative approval pursuant to Article V or VII. Within the two-year period, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied in any manner which adversely affects the rights of the applicant as granted in . . . the sustained validity challenge. . . . Where the proposal appended to the curative amendment application or the validity challenge is approved but does not require further application under any subdivision or land development ordinance, the developer shall have one year within which to file for a building permit. Within the one-year period, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied in any manner which adversely affects the rights of the applicant as granted in the curative amendment or the sustained validity challenge. ***During these protected periods, the court shall retain or assume jurisdiction for the purpose of awarding such supplemental relief as may be necessary***.

(Emphasis added).

[10] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §11005-A. Section 1005-A provides:

> If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence, provided that appeals brought before the court pursuant to [S]ection 916.1 shall not be remanded

**(Footnote continued on next page…)**

standard, deferential review applicable on appeal from the initial decision of a governing body." Trial Ct. 5/15/24 Op. at 15.[11] AFE then filed this appeal of the trial court's order.

> for further hearings before any body, agency or officer of the municipality. If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact or if additional evidence is taken by the court or by a referee, the court shall make its own findings of fact based on the record below as supplemented by the additional evidence, if any.

[11] Likewise, on the merits, the trial court concluded that the Supervisors did not err as a matter of law or abuse their discretion on remand from this Court stating, in pertinent part:

> Pursuant to the rules of statutory construction, if a requirement is included in one section, but is silent in another, there is no conflict between the provisions; one merely states an additional requirement. Perhaps it would be best if all billboard standards were synthesized into one comprehensive section; however, this "best practice" does not invalidate the usage of two sections to address billboard requirements. In light of the rules of statutory construction, the "silence" in §175-98 [regarding a setback from the R-1 Zoning District] cannot in this instance be read as creating a zero (0)-foot setback. Again, the Ordinance provides that a billboard must meet the standards in §175-98 **and** §175-165. If AFE's interpretation was correct, then each statute that alerts a reader to additional requirements in a second statute would have to ensure that second statute included the entirety of the first statute in its provisions; otherwise, a reader could argue [that] the failure to include a provision in the second statute rendered the provision in the first statute invalid. This would lead to an absurd result and is entirely different from two statutes creating two express conditions that are incompatible.

**(Footnote continued on next page…)**

**III.**

On appeal,[12] AFE first claims[13] that the trial court erred in failing to conduct *de novo* review of the Supervisors' decision under Section 1006-A of the MPC, rather than the deferential standard contained in Section 1005-A. We agree.

Indeed, as this Court has previously explained:

> The holdings of [*In re Bartkowski Investment Group, Inc.*, 106 A.3d 230 (Pa. Cmwlth. 2014),] and *Fernley* [*v. Board of Supervisors of Schuylkill Township*, 502 A.2d 585 (Pa. 1985),] establish the framework that governs the trial court's review of [the developer's] request for site-specific relief as the successful challenger of the [relevant sections] of the [local zoning o]rdinance. While [the developer] is required to first submit its request for site-specific relief to the [zoning hearing board

---

> AFE did not appeal the [Supervisors'] finding that the proposed billboard would be located within 500 feet from the boundary line of the adjoining R-1 Zoning District, only that said setback applied to the proposed billboard. Consequently, the court finds the [Supervisors'] did not commit an error of law or abuse [their] discretion when [they] denied AFE's [Applications] on the basis [that] the billboard will be located "within 500 feet (specifically less than 346.67 feet which is the length of the northern boundary line of the Zimmerman parcel) of the property and boundary line of the adjoining R-1 Zoning District (Tax Parcel No. 230-2F90-27E)." [RR at 629a-30a].
>
> In light of the above, the remaining allegations of error are moot.

Trial Ct. 5/15/24 Op. at 23 (citation omitted and emphasis in original).

[12] In this appeal from the trial court's order affirming the Supervisors' decision, where it did not take any additional evidence, our review is limited to considering whether the Supervisors abused their discretion or erred as a matter of law. *Appeal of Chester County Outdoor, LLC*, 167 A.3d 280, 284 n.2 (Pa. Cmwlth. 2017).

[13] For the sake of clarity, we reorder the claims raised by AFE in this appeal.

(board)] for consideration and determination, the trial court is the ultimate decision maker. The trial court is required to conduct a *de novo* review of the evidence and need not give deference to the [board's] findings. As part of such *de novo* review, however, the trial court, in its discretion, is permitted to accept the [board's] findings as its own. The trial court is also permitted, but not required, to hold a hearing and take additional evidence. After conducting its *de novo* review, the trial court is required to grant [the developer's] request for site specific relief, unless the [t]ownship meets its burden of proving the materiality of certain unchallenged, pre-existing, and generally applicable provisions of the [o]rdinance and that [the developer's] proposed billboard is incompatible with such provisions. When applying these unchallenged, pre-existing, and generally applicable provisions to [the developer's] billboard proposal, however, the trial court must be mindful to not apply provisions relating to on-premises signs in a manner that would exclude all billboards or limit the trial court's discretion in fashioning site-specific relief to [the developer]. In addition, the trial court is not permitted to apply the [t]ownship's [subsequent] curative amendment to [the developer's] request for site-specific relief, as such curative amendment was adopted after [the developer] filed its validity challenge. In the event that the trial court concludes that [the developer's] proposed billboard is incompatible with any of the [o]rdinance's unchallenged, pre-existing, and generally applicable provisions and/or that the proposed billboard is contrary to the public health, safety, and welfare, the trial court must consider alternative sites and/or alternative configurations for the proposed billboard and fashion some form of site-specific relief to [the developer].

In this case, the trial court failed to adhere to this framework. First, the trial court failed to conduct a *de novo* review of the evidence presented before the [board], instead giving deference to the [board's] findings.[FN9] . . . .

* * *

15

FN9 . . . The trial court interpreted this Court's statements as requiring it to conduct its review of any denial of [the developer's] request for site-specific relief under the deferential standard set forth in Section 1005-A of the MPC. Upon further review and consideration ***now that the issue is squarely before the Court, we conclude that Section 1006-A of the MPC, not Section 1005-A, applies, where, as here, following a successful validity challenge, the [board] rejects plans for site-specific relief and the developer appeals that decision to the common pleas court.***

*Appeal of Chester County Outdoor, LLC*, 167 A.3d 280, 290-91 (Pa. Cmwlth. 2017) (emphasis added). Likewise, herein, the trial court failed to apply the appropriate *de novo* review under Section 1006-A of the MPC in disposing of AFE's appeal of the Supervisors' decision denying the Applications following our remand in *AFE I*.[14]

---

[14] Our determination herein should not be construed as ***requiring*** the trial court to grant the requested site-specific relief and, based on our disposition, we will not reach any other claims raised in this appeal. As we have observed:

> [T]he trial court improperly shifted the burden of proof to [the developer] and concluded that [the developer] failed to establish that the proposed billboard complied with the [o]rdinance's unchallenged, pre-existing, and generally applicable provisions. Lastly, the trial court failed to fashion some form of site-specific relief for [the developer]. As a result, we must conclude that the trial court erred as a matter of law.
>
> Accordingly, we affirm the trial court's order with respect to its conclusion that the [board] possessed the requisite authority and jurisdiction to consider [the developer's] request for site-specific relief. We vacate the trial court's order in all other respects and remand the matter to the trial court for further proceedings and the issuance of a decision consistent with this Opinion.[FN10]

> \* \* \*

> [FN10] Because we have concluded that the trial court erred by failing to adhere to the framework set forth above regarding review of [the

**(Footnote continued on next page…)**

16

## IV.

Accordingly, the trial court's order is vacated, and the matter is again remanded to the trial court for proceedings consistent with the foregoing memorandum opinion.

_____
MICHAEL H. WOJCIK, Judge

---

developer's] request for site-specific relief as the successful challenger of [the local zoning o]rdinance, and we have remanded the matter to the trial court for further proceedings consistent with this opinion, we need not consider the remainder of [the developer's] arguments . . . .

*Appeal of Chester County Outdoor, LLC*, 167 A.3d at 291; *see also H.R. Miller Co., Inc. v. Board of Supervisors of Lancaster Township*, 605 A.2d 321, 325 (Pa. 1992), wherein the Supreme Court observed:

It must be emphasized that the focus of the inquiry in all cases is the constitutionality of the ordinance, whether the ordinance is a proper exercise of the police power, and not whether the landowner "deserves" to be able to make a particular use of his property. If the ordinance can be "saved" from unconstitutionality by severance of an offending provision, if the ordinance as severed is constitutional, the landowner/litigant is not entitled to proceed with his proposal as a reward for having pursued the litigation. To the extent that his "success" in the litigation was limited, his relief is limited as well; he will have the opportunity to acquire and develop property in the zone where the use is permitted.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

America First Enterprises, LLP,     :
    :
    Appellant    :
    :
    v.    : No. 793 C.D. 2024
    :
Board of Supervisors of the     :
Township of Middlesex     :

# **O R D E R**

AND NOW, this 2nd day of June, 2025, the order of the Butler County Court of Common Pleas entered May 15, 2024, is VACATED, and the above-captioned matter is REMANDED to that court for proceedings consistent with the foregoing memorandum opinion.

Jurisdiction relinquished.

_____
MICHAEL H. WOJCIK, Judge